13227

LEE v. NATIONAL FURNITURE STORES, INC.

(161 S. E., 450.)

*Messrs. Thomas & Lumpkin,* for appellant,

*Messrs. C. T. Graydon* and *W. M. Easterling,* for respondent.

August 17, 1931.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE COSGROVE.

Appeal from the county Court of Richland County. Action for $3,000.00 damages. We shall refer to the parties as they appeared in the trial Court.

Plaintiff in her complaint claimed to be damaged by certain alleged wrongful acts of defendant which, briefly stated, are as follows: That in October, 1927, she purchased on the installment plan from the Kimbrell Furniture Company, of Columbia, a subsidiary or predecessor in business of defendant, a certain table of about the value of $15, made the required down payment, and agreed to pay the balance in weekly payments of 50 cents until paid for. That she continued to make these weekly payments until the Kimbrell Furniture Company was succeeded by the National Furniture Stores, Inc., and that after that time no agent of either of these companies came to her home "for the purpose of collecting *as had been agreed upon* and been the custom of collecting plaintiff's payments." (Emphasis ours.) That in November, 1929, an agent of defendant came to her home, informed her that defendant company was the successor of the Kimbrell Furniture Company and that he wished to collect for the furniture bought from that company. That plaintiff offered to pay the regular payment of 50 cents, but that payment was refused, and instead, the agent of defendant demanded payment of $78.50, which included a debt owed by her husband on some furniture purchased by him. That she refused to make this payment, but tendered the amount due on the table purchased by her, which again was refused unless the full amount demanded was paid. That thereafter claim and delivery proceedings were instituted by defendant against plaintiff's husband on account of his indebtedness, and that in such claim and delivery proceedings her table

was also taken from her home, though the amount due thereon had been offered to the defendant and its agent.

The defendant, by its answer, in substance, alleged that default had been made in the payment of the weekly installments as provided in the bill of sale or title retention contract executed by plaintiff when she purchased the table, and that, default being made, it was legally entitled to repossess the table, which repossession was accomplished in a peaceful manner.

The case was tried before a jury in the Richland County Court, and resulted in a verdict in favor of plaintiff for $15.00 actual damages and $500.00 punitive damages. From the judgment duly entered thereon, this appeal is taken.

The record presents fourteen exceptions upon which reversal of the judgment is sought. Appellant's counsel in his argument, however, following a practice often commended by this Court, very properly has grouped them, and we shall discuss them in the order presented.

The first group deals with the alleged erroneous admission of evidence. It is charged that the trial Court erred in admitting parol testimony tending to establish an extrinsic agreement which varied, altered, and contradicted the terms and conditions of the written contract of sale. The complaint charged that defendant's predecessor agreed verbally to send an agent to her home to collect her payments. Testimony was offered by plaintiff both on direct and cross examination tending to prove such an agreement. This evidence was adduced and admitted, so far as the record shows, *without objection* from defendant. These exceptions, therefore, are not well grounded, and for that reason ordinarily would not be considered by this Court. But, waiving this objection, we think the testimony was competent as a contemporaneous parol agreement which in no way altered or varied the terms of the written contract of sale. The place of payment was not designated in the written instrument. It was competent, therefore, for the parties to enter into a

separate contemporaneous oral agreement fixing the place of payment, having for its consideration the same consideration as that of the written contract.

The appellant further contends in this connection that even if this parol agreement was made at the time the goods were purchased, the evidence showed a waiver thereof by reason of certain of the payments having been made at its place of business. The question of waiver however, was peculiarly for the jury; and it was properly submitted to the jury under instructions to which no exceptions have been taken.

By its second group of exceptions appellant charges error in several particulars: (1) In the refusal of the trial Judge to construe the complaint as an action solely for conversion; (2) in his refusal to direct a verdict for defendant on the ground that the only reasonable inference of which the testimony was susceptible was that the title and right to possession of the property were both in defendant, so that it was entitled as a matter of law to retake the same from plaintiff's dwelling, which was done in an orderly and peaceful manner; and (3) because defendant was under no obligation to accept payment tendered by plaintiff after default, and therefore was within its legal rights when it repossessed the property.

It is the well-settled law of this State that, after condition broken under a chattel mortgage or title retention contract, the title, as well as the right to possession of the property covered thereby, immediately unite in the mortgagee or seller. He then can retake the chattel either peaceably or by claim and delivery proceedings. Under such circumstances an action for conversion of the property retaken, of course, would not lie. All the authorities sustain this proposition.

However, in the instant case, plaintiff's complaint charged not only a conversion of the property, but also a wrongful taking on account of which dam-

ages were asked. The complaint embodied at least these two causes of action. No motion was made by defendant to correct it in any particular, nor was a motion made to require plaintiff to elect upon which cause of action she would go to trial. The trial Court submitted the case to the jury upon theory of a wrongful taking of plaintiff's property. That theory was amply supported by the allegations of the complaint as well as the evidence offered in support of them.

The complaint in our opinion was clearly susceptible of the construction placed on it by the trial Judge; and the evidence being conflicting, it was plainly his duty to submit the case to the jury. We find no error here.

The remaining exceptions, save one, deal with the question of damages, both actual and punitive. The theory under which the case was submitted to the jury, as above adverted to, was as an action for trespass to plaintiff's right of possession, growing out of the seller's breach of contract with respect to the collection of the installment payments. The jury by its verdict found that there had been an unlawful taking of the property from plaintiff under circumstances which justified both actual and punitive damages. The evidence, if believed, was sufficient to support that conclusion. The measure of damages was fully explained to the jury by the trial Judge, and no exception thereto has been taken. The jury found in accordance therewith. These exceptions cannot be sustained.

What has been said above, in our opinion, fully disposes of the remaining exception which is general in character and imputes error in the refusal of the trial Judge to grant a new trial.

It is the judgment of this Court, therefore, that the judgment appealed from be, and the same is hereby, affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.

MR. JUSTICE COTHRAN dissents.

MR. JUSTICE STABLER (concurring): In concurring, I desire to say that I favor overruling appellant's first group of exceptions on the ground that they are not properly be-

fore us for consideration. The defendant did not object to the admission of the testimony when offered, and no good reason appears why its failure to do so should be waived by this Court. On the question of punitive damages, there was ample testimony, as pointed out in the opinion, to take the case to the jury. The sufficiency of the evidence was a matter entirely for them.

MR. JUSTICE COTHRAN (dissenting) : I dissent. The evidence of a parol agreement that payments were to be made at the home of the debtor was clearly inadmissible as tending to vary the terms of a written instrument. As the trial Judge held, the presumption is that it was incumbent upon the debtor to hunt up the creditor and make the agreed payments. It is possible that the defendant has waived objection to the testimony by not making it at the time; but, conceding this, I think that there was error in holding that, if the defendant failed in its agreement to make collections at the home of the debtor, this held the maturity of the contract in abeyance. I think, too, that there was scant if any evidence upon which a verdict of $500.00 punitive damages for taking possession of a $15.00 table can be sustained.