13393

COMMERCIAL CREDIT CO. v. COOK *ET AL.*

(164 S. E., 17)

388

*Messrs. Patterson & Tobin,* for appellant, 

*Messrs. George Warren* and *J. A. Mace,* for respondent,

April 26, 1932.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The transcript of record in this case is so defectively arranged as to make it difficult to ascertain the truth of the history of the case. In the first instance one would infer from the order in which the names of the respondents appear in the title of the case that W. P. Cook and C. W. Cummings were doing business together as Cummings Motor Company, and that both of them were respondents in this appeal. Whereas, as appears from the body of the transcript, C. W. Cummings alone was doing business as Cummings Motor Company, and only he is respondent, as W. P. Cook made default and did not defend the case. The testimony is reported in such meager and confused shape as to give no clear idea as to what was proved. The able Judge who heard the case has a clear and forceful way of stating his views, but his charge is so condensed, or else so imperfectly reported, as to make it confused and contradictory.

From the transcript of record we have adduced this understanding of the issues involved:

November 19, 1926, C. W. Cummings, doing business as Cummings Motor Company, sold to W. P. Cook an Essex coach (automobile), received from him the cash payment, and took from him a note for the balance, to wit, $368.60, and his conditional sale contract, to secure payment of the

note. These were assigned by Cummings to the plaintiff, for value. Cook being in default, plaintiff took posession of the car and sold it for $10, which sum is credited on the note. This sale was in June, 1927. In July, 1929, plaintiff brought its action for the balance due, to wit, $358.60. Cook defaulted. Cummings answered setting up, first, general denial; second, that when the Essex coach was seized by plaintiff it was in possession of this defendant, that it was carried away with the understanding that plaintiff would store it and permit defendant to carry out the terms of the contract; that the machine was worth $600.00, which would exceed the amount due plaintiff by $230.00; that the sale of the automobile was not in accordance with the terms of the contract nor the law of the State because that the car was taken in Hampton County, and sold in Allendale County. That by such alleged sale plaintiff converted the car to its own use and thereby has overpaid itself. Third, it reiterates the first paragraph of the second defense and predicates thereon a counterclaim for $230.00, because of the alleged conversion.

Plaintiff demurred to the second defense on the ground that it did not state facts sufficient to constitute a defense. This demurrer was overruled. Plaintiff at the same time gave the following notice which he labeled "Motion to Strike":

"To J. A. Mace, Esq., Attorney for Defendant, C. W. Cummings:

"*You Will Please Take Notice:* that upon the call of the above entitled cause for trial the plaintiff will move the Court for a judgment on the pleadings herein on the grounds:

"(1) That the allegations of the complaint are admitted by the answer. (2) That the matters set up by way of defense in said answer do not state facts sufficient to constitute a defense, in that they set up inconsistent statements of fact. That the matters and things set up by way of counterclaim

do not state facts sufficient to constitute a counterclaim in that the counterclaim set out in said answer is one sounding in tort and the action is on contract."

That motion was overruled.

The case was heard by Judge Stoll and a jury. At the conclusion of the testimony plaintiff made a motion for directed verdict which was refused. The jury found for defendant $100.00 on his counterclaim. Motion for new trial was made and refused. This appeal followed.

There are four exceptions which are numerously subdivided. We shall not consider them seriatim. We dismiss the exceptions which allege error for not sustaining the demurrers—on their face they stated grounds of defense and counterclaim.

"A cause of action based on tort may be set up as counterclaim to action based on contract, *provided that it be shown to have arisen out of contract or transaction set forth in complaint as foundation of plaintiff's claim or connected with subject of action."* Columbia National Bank v. Rizer, 153 S. C., 43, 150 S. E., 316, 68 A. L. R., 443.

We deduce for determination these questions: Was there a conversion by plaintiff? Did defendant Cummings have a valid contract with plaintiff to the effect that plaintiff would store the machine and allow him to pay off the amount due? Was the sale by plaintiff a valid one?

We will consider these questions in inverse order.

The Court properly stated the issue in these words: "As I see the case, Gentlemen, if this was a legal sale of the car, then the plaintiff is entitled to judgment for the balance due." After hearing argument he said to plaintiff's attorney: "We will let them proceed with their testimony."

Having heard that testimony, he should have said the sale was a legal one. Defendant's contention was that the car was seized in Hampton County; that the sale was had in Allendale County; that it was a public sale; and that two notices of it were put up in Allendale County

and one in Hampton County; that the statute regulating sales of that nature requires that the property be sold in the county in which it is found. That position would be sound if it were applicable to the facts of this case. It is not. The written contract of sale provides that: "Upon the seller so taking possession of the car, seller may sell the car *at public or private sale at any time thereafter without any notice to the buyer: and the said seller may become the purchaser thereof,*" etc. (Italics added.)

In this case, the seller, Cummings, had assigned his rights in this contract to the plaintiff, who under it had the right to sell the car in accordance with the contract. He was under no obligation to give Cummings any notice. If he did give public notice of the sale, Cummings has no right to complain, unless he had a valid contract with plaintiff made when plaintiff took possession of the car to hold it and allow him to pay the amount due. He seeks to stand upon that agreement, or "understanding" as he calls it. He testifies that Cook, to whom he originally sold the car, asked him "to take the car up to Cummings and keep it for him." So that the car was not his, he only had possession of it as bailee for Cook. He testifies that he told the person who came for the car that he would keep up the payments; he did not make any payments, then or afterwards. There is absolutely no proof that the person who came for the car had any power to make any contract in regard to the sale of the car. No consideration is shown for any such contract. No single element of a valid contract is shown, which entitled this defendant to special notice of the sale.

Was there a tortious conversion of the car by plaintiff?

"Conversion is 'An unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another or the alteration of their condition or the exclusion of an owner's rights.' " This is the definition given by Dr. Donald J. Kiser, Associate Editor-in-Chief of *Corpus Juris* in his "Outlines of Torts," page 50, and which is found in 38 Cyc., 2005, 2006.

Certainly there can be no question that the taking in this case was lawful and authorized. The contract gave plaintiff the right to possess himself of the car; Cummings gave it up willingly. Plaintiff had a right under the terms of the contract to sell it as he did and to purchase it. Did it bring its value? Witnesses for plaintiff testified that it did. The only proof of value offered by defendant was the estimate of the market value of the car (contained in a "blue book") at the time it was sold, and his own statement, which fixed the value of the secondhand used car at more than he sold it to Cook for in the first instance. We find here no evidence of conversion.

"It is the well settled law of this State that after condition broken under a chattel mortgage, or title retention contract, the title as well as the right to possession of the property secured thereby, immediately unite in the mortgagee or seller. He then can retake the chattel either peaceably or by claim and delivery proceedings. Under such circumstances an action for the conversion of the property retaken, of course, would not lie. All the authorities sustain this proposition." *Lee v. National Furniture Stores, Inc.,* 163 S. C., 204, 161 S. E., 450.

Defendant's plea of payment rests upon the state of facts which we have reviewed and which we find to be untenable. There is no proof of any other payment.

"In the absence of any agreement to the contrary, money is the sole medium of payment." *Brown v. Huskamp,* 141 S. C., 124, 139 S. E., 181, and cases there cited.

We are of opinion that upon the whole case plaintiff was entitled to have a directed verdict in its favor.

Accordingly, the judgment of the Court below is reversed, and the case is remanded, with instructions to enter judgment for plaintiff against both defendants in accordance with the prayer of the complaint.

MR. CHIEF JUSTICE BLEASE and MR. JUSTICE STABLER concur.

MR. JUSTICE CARTER concurs in result.

### ORDER ON PETITION FOR REHEARING

*Per Curiam.*

Upon consideration of the petition for rehearing in this case, the Court is satisfied that the petition should be dismissed and it is so ordered. However, in view of the confused and unsatisfactory condition of the transcript of record upon which the appeal was heard, the Court thinks that, instead of directing judgment to be entered for plaintiff, the case should go back for retrial. Accordingly, it is ordered that the last two paragraphs of the opinion heretofore filed, to wit:

"We are of opinion that upon the whole case plaintiff was entitled to have a directed verdict in its favor.

"Accordingly the judgment of the Court below is reversed and the case is remanded with instructions to enter judgment for plaintiff against both defendants in accordance with the prayer of the complaint."

—be stricken from the opinion. There is substituted therefor the following:

The judgment of the Court below is reversed, and the case is remanded to that Court for retrial.

It is so ordered.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.