### ELLIS & CO. v. CARROLL.

STATUTE OF FRAUDS—DEBT OF ANOTHER.—A PROMISE to pay the debt of another upon forbearance to enforce immediately some subsisting lien, is not within the statute of frauds, when the release is a damage to the creditor, or a benefit to the party promised for.

Before DANTZLER, J., Cherokee, March, 1903. Affirmed.

Action by J. A. Ellis & Co. against W. H. Carroll. From judgment for plaintiffs, defendant appeals.

*Messrs. Butler & Osborne,* for appellant, cite: *As to whether the case comes within the letter of the statute:* 29 S. C., 13; 32 S. C., 276; 51 S. C., 467; 4 S. C., 105. *As to the debt being an original promise:* 29 S. C., 13; 32 S. C., 276; 2 McC., 372; 3 Brev., 52. *As to the case being taken out of statute:* 29 S. C., 14; 3 Strob., 207; 1 McC., 575; 2 McC., 208; 4 McC., 409.

*Mr. N. W. Hardin,* contra, cites: *As to whether promise was original or collateral:* 29 S. C., 13; 35 S. C., 609; 23 S. C., 604. *As to the promise being within the statute:* Brown Stat. Frauds, 198; 1 Rich., 213; McC., 393; 3 McC., 163; 25 S. C., 34.

March 31, 1904. The opinion of the Court was delivered by

MR. JUSTICE JONES. J. B. Carroll, son of defendant, was indebted to the plaintiffs in the sum of $65.41, which was not denied. On the 26th day of July, 1902, at Grover, N. C., the plaintiffs caused two mules and a wagon to be seized

under a valid attachment as the property of J. B. Carroll. The defendant, who was at Grover, N. C., at the time, went to plaintiffs and told them that if they would release the property of J. B. Carroll, that he would pay the debt. Pursuant to that agreement and on account of the promise made by the defendant, the property was released from attachment. Two or three days afterwards, the defendant took the property back to plaintiffs and asked them to release him from the promise, which they refused to do. The defendant claimed that he had been informed that the property belonged to the wife of J. B. Carroll. Defendant and his son, J. B. Carroll, reside in Cherokee County, S. C., about one-quarter of a mile from each other, and J. B. Carroll was at the time, and had been for a number of years, working the lands of his father.

This action was brought before Magistrate A. M. Bridges, in Cherokee County, to recover of defendant upon his promise. Defendant plead the statute of frauds. The magistrate gave judgment against the defendant. With respect to the ownership of the attached property, the magistrate held that the testimony was conflicting, but that the attachment created such a lien upon the property of J. B. Carroll that its release, on the express promise of the defendant to pay the debt, lessened the chances of plaintiffs' collecting their debt, if it did not defeat the same.

On appeal to the Circuit Court, one of the exceptions taken was that the magistrate erred in not holding that the property attached did not belong to J. B. Carroll, but to his wife, and that the alleged agreement of defendant to pay J. B. Carroll's debt was *nudum pactum,* and the other was that he erred in not holding that the agreement was within the statute of frauds. The Circuit Court overruled both exceptions. Therefore, the Circuit Court has found as matter of fact that plaintiffs had a valid and enforcible lien on the property of J. B. Carroll by reason of the attachment, which was released upon defendant's promise to pay. "Where one has a complete and enforcible lien on the property of

his debtor, a promise of a third person to pay the debt on condition that the property under the lien is given up, is not within the statute of frauds." *Dunlap* v. *Thorne*, 1 Rich., 213; *Adkinson* v. *Barfield*, 1 McC., 574; *Eggart* v. *Barnstine*, 3 McC., 163.

The case of *Boyce* v. *Owens*, 2 McC., 208, does not conflict with the foregoing cases, because no lien was given up in that case, the constable having no authority to attach lands. Nor is there any conflict in principle with cases on the line of *Robertson* v. *Hunter*, 29 S. C., 9, 6 S. E., 850, which declare that the test in all such cases is whether there is a new consideration moving to the promisor so as to make it an original and not a collateral promise. While it may well be supposed that the release of the son's mules and wagon, used in farming upon defendant's land, was a benefit to the defendant, yet the cases cited show that it is not controlling that the consideration should be a benefit to the promisor. "If it be a damage to the other party or a benefit to the party promised for, it will be sufficient: provided, these proceed from the forbearance to enforce immediately some subsisting lien.".

The judgment of the Circuit Court is affirmed.