7866

### WILKIE v. MURPHY.

1. MAGISTRATE—JURISDICTION—CROPS—EQUITY.—Where a summons is
   issued to divide a crop and the parties appear before the magistrate
   and agree that the proceeding be treated as an action to recover the
   amount of laborer's wages measured by the value of one-half of the
   crop less the laborer's debt to the landlord, the agreement and
   appearance of the parties give the Court jurisdiction of the whole
   matter, and the point that it is an accounting in equity does not
   apply.

2. STATUTE OF FRAUDS—CONTRACTS.—An agreement to work as laborer
   for a share of the crop less any amount due by the laborer and her
   husband to the landlord is not within the statute of frauds.

Before WILSON, J., Greenwood, December, 1910.
Reversed.

Action by Jane Wilkie against Foster Murphy in Court
of Magistrate W. G. Austin. From Circuit order affirming
judgment of magistrate, defendant appeals.

*Mr. D. H. Magill,* for appellant, cites: *This is a proceed-
ing to enforce a statutory lein and magistrate has no juris-
diction:* art. V, sec. 21; 60 S. C. 105; 13 Ency. P. & P.
123; 14 S. C. 35; 15 S. C. 548; 28 Kan. 441; 52 S. C. 161.
*Magistrate can only divide crop in kind:* 14 S. C. 35.
*Agreement to pay debt of husband is not a collateral
promise:* 68 S. C. 378; 77 S. C. 460.

*Messrs. Grier, Park & Nicholson,* contra, cite: *Agreement
to submit to magistrate certain issues gave him jurisdiction:*
51 S. C. 164.

April 20, 1911   The opinion of the Court was deliv-
ered by

MR. CHIEF JUSTICE JONES.   This action was commenced
in a magistrate's court at Cokesbury, in Greenwood county,
by service of a summons as follows:

"Whereas Jane Wilkie has complained unto me that she in the year 1909 worked a crop on shares as laborer on your lands; that the crop has not been divided; that you refused to divide, and that she is unable to get a division of the said crop, these are therefore, to summon and command you to be and appear before me on Saturday, November 20, 1909, at ten o'clock at the place where the said crop was grown for the purpose of dividing the said crop or crops according to law."

Upon an affidavit by defendant that he did not believe he could get a fair trial before Magistrate Kennerly at Cokesbury, the case was removed to Magistrate Austin at Greenwood. The following agreement in writing was then entered into between the attorneys for the parties.

"This is an action commenced by the plaintiff before Magistrate Kennerly, at Cokesbury, against the defendant, for the share or interest in the crop grown on the lands of the defendant, Foster Murphy. The plaintiff was engaged in the cultivation of a crop on the lands of the defendant, Foster Murphy. The dafendant claims that the plaintiff owes him a sum of money equal or greater than her interest in the crop. The plaintiff raised on the said land a crop which consists of one bale of cotton, weighing four hundred and forty pounds and twenty-eight bushels of cotton seed. She contends that she is entitled to one-half of this, less one-half of the cost of the fertilizer used on the premises. The defendant claims that she is not entitled to anything.

"This case was removed on motion of the defendant to his Honor W. G. Austin, magistrate at Greenwood. The plaintiff is now represented by Messrs. Grier & Park, and the defendant by D. H. Magill, Esq. They have agreed to take the testimony in the case and waive all formality in the proceedings and submit the question to the magistrate for his decision on the facts—reserving the right to appeal from his findings."

The testimony was taken and the magistrate rendered the following judgment:

"I find that during the year she raised on the farm certain corn and fodder, which has heretofore been divided between them, and one bale of cotton weighing four hundred and thirteen pounds which the defendant sold for fifteen cents per pound, netting sixty-one dollars and ninety-five cents ($61.95). Defendant also has one hundred and thirty-four pounds of seed cotton raised on the place, which the testimony shows is worth four and one-half cents per pound, making six and 3-100 dollars ($6.03), and twenty-one and three-fourths (21 3-4) bushels of cotton seed, the agreed value of which is eight and 34-100 dollars ($8.34). So the defendant has received from the crop raised on the premises a total of seventy-six and 41-100 dollars ($76.41). The plaintiff has in hand fifty pounds of seed cotton worth four and one-half cents per pound, two and 25-100 dollars and the defendant furnished her with two and a half sacks of guano, at two and 50-100 dollars per sack, six and 25-100 dollars, one-half bushel of meal sixty-five cents, pants for son, five dollars, which makes a total of fourteen and 65-100 dollars ($14.65) which the plaintiff owes to the defendant. Her half of the crop now in the hands of the defendant amounts to thirty-eight and 65-100 dollars, which still leaves due and owing the plaintiff out of the crop, twenty-three and 55-100 dollars.

"It is, therefore, on motion of Greer & Park, plaintiff's attorneys, ordered that the plaintiff do have judgment against the defendant for the sum of twenty-three and 55-100 dollars and the costs of the action."

This judgment was affirmed by the Circuit Court.

Appellant contends that the magistrate was without jurisdiction of an action to enforce the laborer's statutory lien on crops under sections 2716 and 3058 of I Civil Code, as such a proceeding is equitable and

magistrates have no jurisdiction in chancery cases under article V., section 21 of the Constitution.

This question does not properly arise, for whatever may have been the theory of Magistrate Kennerly when he issued the summons, the parties all before Magistrate Austin by their agreement have treated the action as one to recover the amount of laborer's wages, measured by the value of one-half of the crop less the laborer's debt to the landlord. The bulk of the crop having been sold by defendant there was practically nothing to divide in kind. The amount claimed being less than one hundred dollars the magistrate had jurisdiction of the subject, and the appearance of the parties in a trial upon the merits gave jurisdiction of the person.

With reference to the contract between plaintiff and defendant the witness Sallie Murphy testified: "The contract was that if Foster would allow her to stay there she would work the land that Frank Wilkie was to work and pay all his debt that she could. She promised to pay $42.50."

Frank Wilkie was husband of plaintiff and under contract with defendant to labor for a share of the crop for the year 1908, but died in February of that year. Plaintiff then made a contract with defendant to work the land on shares, the defendant to furnish a mule and pay for one-half of the fertilizer. The issue was whether plaintiff also promised to pay the debt of her husband $42.50 out of her share of the crop. The magistrate excluded the testimony and we are bound to assume it was not considered either by him or the Circuit Court in reaching a conclusion. The defendant had testified to the agreement that such debt should be paid out of her share of the crop and the plaintiff had denied the agreement. Hence, if competent, the testimony was material to defendant's case and its exclusion prejudicial. No ground of objection was stated when the testimony was excluded, but it is now contended that the

testimony was obnoxious to the statute of frauds, as a mere parol contract to pay the debt of another. But as we construe the agreement it was not a mere collateral promise to pay the debt of another, but was an original agreement to work as laborer for a share of the crop, less her own debt and less $42.50 the amount due by her husband. The promise was supported by a new consideration, the mutual agreement to work a crop on shares upon certain conditions, involving expenses to be incurred and benefits to be derived by both parties. Such an agreement is not within the statute of frauds. *Ellis* v. *Carroll,* 68 S. C. 464, 47 S. E. 679; *Lee* v. *Unkefer,* 77 S. C. 464, 58 S. E. 343.

The remaining exceptions raise questions of fact which are not subject to review in this Court.

The judgment of the Circuit Court is reversed.