13527

STEPHENS v. WHEELER

(166 S. E., 727)

*Mr. H. P. Burbage* for appellant.

*Mr. R. T. Wilson* for respondent.

December 2, 1932.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

Warren Stephens was a sharecropper, and A. H. Wheeler was his landlord. At some time during this year an attachment proceeding was brought in a magistrate's Court on a "laborer's lien on corn, potatoes, cane and peanuts," in

which Stephens was plaintiff; Wheeler, defendant. No papers upon which the action was founded appear in the transcript. At the trial the attachment was dissolved, and the case was heard on an agreement of counsel, presumably with no supporting papers. This agreement covered five points as follows:

(1) Dismissal of the attachment.

(2) The magistrate to decide what amount, if any, the defendant was due the plaintiff for labor.

(3) If any amount be due, upon what property is it a lien?

(4) If any amount be due the plaintiff, the magistrate can make a division of the crops.

(5) Either party may appeal from the finding, but no objection shall be raised as to jurisdiction.

Each side was represented by attorneys, and some testimony was taken and reported in the transcript. This testimony throws little, if any, light on the case. The magistrate signed a paper called a "judgment," in which he said that after the attachment was dismissed the case was to be tried by him as one to recover the amount of the laborer's wages measured by the value of the crops, less the laborer's debt to the landlord, and that the magistrate could make a division of the crops in any amount found to be due the laborer. He found that the plaintiff is entitled to one-half of the corn and all of the potatoes, peanuts, and cane described in the testimony, and that the labor for making said crop, after the payment of all debts due the landlord by the tenant, amounted to $50.00. With this preamble duly delivered, he then pronounced his judgment in these words: "I find, therefore, that the plaintiff is due by the defendant so much of the crops as described to the amount of $50.00 and that the plaintiff has a lien on said crops for that amount."

From this judgment an appeal was taken by the defendant to the Court of Common Pleas on fourteen grounds. The attorney who represented the defendant at the trial

before the magistrate was then no longer connected with the case, and the present attorney for appellant argued the appeal in the Circuit Court.

The "Return of Magistrate" to the Court of Common Pleas stated, amongst other things, that the attachment was dissolved and that the attorneys made the agreement hereinbefore set out; that the testimony should be taken by longhand, and that "if either party wanted the testimony in full that same would be taken and that either party could ask what part of the testimony was not written out should be written out"; that both parties agreed that the testimony, as herewith transmitted to the Court, was sufficient; that the counterclaim, including all advances and an alleged injury to a mule, was considered, with the result that the plaintiff was entitled to $50.00 above all these claims. He further states that the merits of the case were fully gone into by agreement of counsel.

Upon fifteen exceptions the appeal was argued in the Circuit Court. The circuit Judge, in sustaining the magistrate, stated in his order that he had considered all the grounds and overruled them, but the only one he discussed was the alleged error on the part of the magistrate in not reducing to writing all of the testimony taken at the trial.

The exceptions present practically no questions of law, but largely questions of fact. An accounting was demanded on a counterclaim, or set-off, but no question is raised as to the jurisdiction of the magistrate. In fact, we may say that this is a suit recognized by both parties as a law case in which the defendant sets up certain claims against the plaintiff as advancements, and injury to a mule. The proper reconciliation of these claims should not be considered as such equitable matters as would deprive the magistrate of jurisdiction, even had the point not been expressly waived by the agreement of counsel. See *Wilkie v. Murphy*, 88 S. C., 415, 70 S. E., 1028.

The exceptions alleging error of law on the part of the circuit Judge will now be considered. Those exceptions not considered are either too general for consideration, or else they present merely questions of fact as found by the magistrate and concurred in by the circuit Judge, which, under many decisions of this Court, cannot be considered. The appellant urges error for consideration by the Court of an affidavit of W. R. Richey, Esq., to the effect that both attorneys waived the taking of the testimony before the magistrate. At the time of the trial, Mr. Richey was attorney for the present appellant. The use of the affidavit was harmless, if erroneous, as the return of the magistrate contained practically the same allegations.

It appears that the magistrate wrote a letter to the attorney for the appellant in which he said that he could not grant a new trial on his own mistakes; if he made any, the remedy was by appeal. This letter, like the Richey affidavit, had no place in the record. The report of the magistrate saying that the new trial was refused makes no mention of this extraneous letter. Moreover, the Court is not vitally concerned with the reasons assigned, if the correct conclusion be reached.

We may here say that if this Court could, under the law, consider the facts of this case, it would be impossible from the record before us to reach a conclusion. The magistrate says that both attorneys agreed that the testimony as submitted was sufficient, and from this statement there appears no difference of opinion. The circuit Judge agreed with the magistrate as to his findings of fact. This is conclusive on this Court, if there be any evidence to support it, and there appears to be.

The circuit Judge seems to have sustained the magistrate in accordance with what he considered the justice of the case, without regard to technical defects or errors not affecting the merits, which, under the

provisions of the Code (Code 1932, § 497), he was justified in doing.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.