14158

ULMER *ET AL.* v. BOOKHART *ET AL.*
(Two cases).

(182 S. E., 162)

*Mr. W. A. Isgett,* for appellants,

*Mr. J. A. Merritt,* for respondents,

November 4, 1935.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

These two cases involve the same question, and the disposition of one case will apply to both. Accordingly, we will consider the first case.

W. H. Bookhart died testate; the respondents were named executors of his last will and testament, and have qualified.

The appellant Mrs. E. A. Bookhart filed a claim against the estate for services rendered the wife of the testator in her last illness; the wife preceded the testator in death by several months.

The claims against the estate exceeded the value of the personal assets, whereupon the executors brought an action in the Court of Common Pleas to marshal the assets, and to sell the land in aid of assets to pay the debts. The cause was referred to J. C. Hiott, Esq., Judge of Probate for Calhoun County, as Special Referee. The claim of appellant was filed with the Special Referee, who heard testimony thereon, and recommended that payment of the claim be denied, for the reason stated in considering the claim of H. S. Felkel; which was that "testimony does not warrant payment of the claim."

Appeal was taken to the Circuit Court and heard by his Honor, Judge Greene, who passed an order confirming the report of the Referee, saying:

"It appearing that J. C. Hiott, as special referee, having taken the testimony and having found that the testimony was not sufficient to support the claim now on motion. * * *

"It is ordered that the finding of the special referee be and is hereby confirmed; and that the payment of the above claims be disallowed."

This order relates by its terms to the claims of H. S. Felkel, too.

It appears then that the Special Referee and the Circuit Judge concur in the finding of fact that the testimony does not warrant the payment of this claim. In other words, they find that the claim is not valid.

It is the established law of this jurisdiction that the finding of fact by the Special Referee, concurred in by the Circuit Judge, will not be disturbed by this Court unless the finding is against the clear preponderance of the evidence, or without evidence to sustain it. See *Crouch v. Tarver,* 173 S. C., 172, 175 S. E., 273; *South Carolina State Bank, Receiver, v. Stokes,* 169 S. C., 173, 168 S. E., 541; *Stephens v. Wheeler,* 167 S. C., 522, 166 S. E., 727.

It is true there is no oral testimony for the defendant in this case, and only that of plaintiff in her behalf. No con-

tract for payment of the services rendered was proved. The Special Referee saw the plaintiff, noted her demeanor, and evidently believed that such services as were rendered were given without expectation of payment, and that the claim was filed only after other claims were filed, one of which was paid.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

This likewise disposes of the appeal of H. S. Felkel in case No. 1013.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BAKER and FISHBURNE concur.