20939

GENERAL ELECTRIC COMPANY, Respondent, v. Lions GATE, a Partnership, comprised of Arnold D. Roberts, Leonard T. Shannon and George M. Lee, Jr., and Richland Construction Company, Inc., Defendants, of whom Lions Gate, a partnership comprised of Arnold D. Roberts, Leonard T. Shannon and George M. Lee, Jr., is Appellant.

(254 S. E. (2d) 305)

*Henry D. Knight, Jr.,* of *Whitener, Ketchin & Knight,* Columbia, *for appellant.*

*Ernest J. Nauful, Jr.,* of *Callison, Tighe, Naufaul & Rush,* Columbia, *for respondent.*

April 18, 1979.

RHODES, Justice:

This action was commenced by General Electric Company [G.E.] to collect $7,231.64 for appliances purchased by Richland Construction Company, Inc. [Richland] and installed in Lions Gate's condominiums. Richland defaulted and the case was tried against Lions Gate upon allegations that it had guaranteed payment of the appliance purchase. Lions Gate defended on the principal ground that the alleged oral promise relied upon by G.E. was void under the statute of frauds. Section 32-3-10(2) S. C. Code of Laws (1976). From an adverse jury verdict, Lions Gate appeals. We affirm.

In November 1974, G.E. furnished appliances for appellant's condominiums pursuant to an order from Richland, which was appellant's general construction contractor at that time. Thereafter, G.E.'s regional credit manager, Walter Albrecht, sought to collect the account and, after learning that Richland had left the job, attempted to negotiate directly with Lions Gate through George Lee, one of its general partners. Albrecht testified that an oral agreement was reached on January 13, 1975, whereby Lee promised that

he would issue a check jointly payable to G.E. and Richland upon Richland's next entitlement to a draw on construction funds. According to Albrecht's further testimony, Lee stated that the proceeds from the draw would be in an amount sufficient to satisfy the G.E. account and would be forthcoming the following week. G.E. was never paid although the evidence shows that Lions Gate issued the aforementioned check amounting to $32,947 on January 21, 1975, payable only to Richland.

Appellant moved for nonsuit, directed verdict, and judgment notwithstanding the verdict on the grounds that Lions Gate's oral promise constituted a collateral obligation which was unenforceable under the statute of frauds. The trial court refused the motions, concluding that the evidence created a jury question.

The parties acknowledge that an oral promise to pay the debt of another, though otherwise invalid when not in writing, is enforceable if the attendant circumstances underlying its making will qualify under either of the following theories as outlined in *Campbell v. Hickory Farms of Ohio,* 258 S. C. 563, 568-69, 190 S. E. (2d) 26, 29 (1972):

[1] . . . where the promise to pay a debt incurred by another is made as a part of a transaction where the *main purpose* and object of the promisor is not to answer for the debt of another, but to subserve some purpose of his own, his promise is not within the Statute.

[2] . . . where the agreement to pay the debt of another is part of an *original undertaking* between the parties, and it is not collateral to the origination of the debt, the Statute does not apply. (emphasis added)

In determining whether an agreement can be classified under the "main purpose" or "original undertaking" exception, the courts must rely on the circumstances of each particular case in order to ascertain the intent of the parties

and how they viewed the agreement. *Stackhouse v. Pure Oil Co., 176* S. C. 318, 180 S. E. 188, 193 (1935). To be enforceable under either theory, the promise, like all other contractual obligations, must be supported by an independent consideration in the form of an advantage to the promisor or a detriment to the promisee. *J. A. Ellis & Co. v. Carroll,* 68 S. C. 376, 47 S. E. 679 (1904). *Robertson v. Hunter,* 29 S. C. 9, 6 S. E. 850 (1888). *Accord,* 37 C. J. S. Frauds, Statute of § 21 (1943)

Appellant's primary contention is that the evidence is insufficient to supply the consideration necessary to remove the promise from the statute of frauds. The consideration for the appellant's oral promise alleged in the complaint and supported by the evidence was the action of G.E. in extending time for payment and in forbearing to file a mechanic's lien against the property of appellant. While admitting that he had not specifically threatened Lions Gate with a mechanic's lien, Albrecht explained that G.E.'s option of filing the lien was discussed. He testified that Lee stated that, since Lions Gate had been put on notice of G.E.'s lien rights, no funds could be advanced on the next construction draw without first paying G.E. Lee testified that he neither bargained for the forbearance nor did he realistically think G.E. was considering a lien during the January 13th conversation.

Undoubtedly, a forbearance to exercise legal rights is a sufficient consideration for a promise made on account of it in the general law of contracts. As was stated in *J. A. Ellis & Co. v. Carroll,* 68 S. C. 376, 47 S. E. 679, 680 (1904):

"If it be a damage to the other party, or a benefit to the party promised for, it will be sufficient, provided these proceed from the forbearance to enforce immediately some subsisting lien."

From the evidence, it can be reasonably inferred that without Lee's promise of a joint payee check, G.E. would have

pursued its lien remedies sooner, thereby enhancing its rights to timely payment. However, to its detriment, G.E. relied on Lee's promise of settlement, delayed its filing and, consequently, was unable to collect any sums on the account. Moreover, the promisor, as owner of the project, had a direct interest in the property which would have been prejudiced by the filing of G.E.'s lien; thus, any forbearance would and could have inured only to the personal benefit of appellant.

In determining whether an oral promise can escape the statute's bar under the "main purpose" or "original undertaking" rule, our cases have held that if the evidence is susceptible of more than one reasonable inference, the issues must be submitted to the jury and their finding thereon should be conclusive. *Crapps v. Spivey*, S. C., 244 S. E. (2d) 520 (1978); *Stackhouse v. Pure Oil Co., supra.* The evidence at bar was sufficient for the jury to reasonably conclude that Lions Gate's promise was supported by the consideration necessary to remove it from the statute of frauds. We accordingly conclude that the issues in the present case were properly submitted to the jury.

Appellant's remaining exception challenges the jury verdict of $6,000 as being inconsistent with the evidence which showed an account balance of $7,231.64. The general rule is that the inadequacy of a verdict by a jury will not *per se* entitle the litigant against whom it was rendered to a new trial. *Scott v. Little*, 263 S. C. 261, 210 S. E. (2d) 132 (1974). *See* also 58 Am. Jur. (2d) New Trial § 156 (1971). Under the circumstances of this case, we find no reason to deviate from this general rule and accordingly affirm the jury verdict.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.