THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(D)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
David Browder, Respondent,
v.
Ross Marine, LLC, Swygert Shipyards, Inc., Arthur R.
Swygert, Jr., and Arthur R. Swygert, Sr., Appellants.
 
 
 

Appeal From Charleston County
 R. Markley Dennis, Jr., Circuit Court Judge

Unpublished Opinion No.  2005-UP-613
Heard November 6, 2005  Filed December 8, 2005

AFFIRMED

 
 
 
William A. Scott, of Charleston, for Appellants.
Michael W. Sautter, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Ross Marine, LLC, Swygert Shipyards, Inc., Sandblasters, Inc., Arthur Swygert, Jr., Arthur Swygert, Sr., and Cathy Spieghts (hereinafter collectively referred to as Ross Marine) appeal the trial courts denial of their motion for a temporary injunction, arguing the trial court erred by not enjoining the law firm of Query, Sautter & Gliserman from representing David Browder in the present case.  We affirm.
FACTS
In March 1993, Ross Marine hired David Browder as managing sales representative in charge of promoting the boat yard, maintaining contact with its customers, assuring customer satisfaction, and generally promoting goodwill between Ross Marine and its clients.  Browder signed an employment agreement containing a three year term.
During the initial stages of his employment, Browder recommended that Ross Marine retain the services of attorney Grady Query to handle the companys periodic legal matters.  Browder was familiar with the quality of Querys work because Query had represented Browder and his family for over twenty years.  Over the course of the next few years, Query and his present partner, Saul Gliserman, currently with the firm of Query, Sautter and Gliserman, LLC, represented Ross Marine in no less than seven different matters.  According to Arthur Swygert, Jr., president of Ross Marine, Browder was the primary contact between Ross Marine and its attorneys.  Invoices for legal services were sent in care of Browder and he met with the attorneys on numerous occasions on behalf of Ross Marine.  In furtherance of his employment, Browder was given full authority to discuss any matters and provide any and all information . . . needed in connection with their representation. 
On September 12, 2000, Browder was terminated from his employment with Ross Marine.  In 2001, Browder commenced a Workers Compensation proceeding against his former employer.  The law firm of Query, Sautter and Gliserman, LLC, (the Law Firm) represented Browder in this matter.  Ross Marine did not lodge a conflict claim regarding this representation over the course of the Workers Compensation proceedings.
On August 26, 2003, Browder filed a complaint against Ross Marine alleging, inter alia, breach of the parties written employment agreement.  Ross Marine answered and simultaneously moved to dismiss the action as well as compel arbitration pursuant to the contracts terms.  In addition, over three years after the filing of Browders workers compensation claim, Ross Marine notified Browder by letter that they were concerned about a potential conflict of interest regarding the Law Firms present representation of Browder and prior representations of Ross Marine.  Browder promptly filed a motion for a hearing on the conflict issue.  Both parties motions were heard in January 2004.  The trial court ordered arbitration of the dispute but declined to rule on the conflict issue, stating that the parties should resolve the dispute among themselves.  Both parties subsequent motions to reconsider were denied.  Ross Marine appealed the trial courts refusal to address the Law Firms potential conflict.  By order dated June 16, 2004, this court dismissed the appeal as interlocutory.
In August 2004, Ross Marine filed a motion for a temporary injunction requesting that the case be enjoined from proceeding to arbitration until the issue regarding the Law Firms representation of Browder was resolved.  Following a hearing on the motion, the trial court found Ross Marine failed to establish a conflict of interest regarding the Law Firms prior representation of Ross Marine and offered no proof of irreparable harm if the injunctive relief was not granted.  Accordingly, the trial court denied Ross Marines request for injunctive relief.  This appeal followed.
STANDARD OF REVIEW
An order granting or denying an injunction is reviewed for abuse of discretion.  Strategic Resources Co. v. BCS Life Ins. Co., 2005 WL 1943536 at *1 (S.C. 2005).  An abuse of discretion occurs when the trial courts decision is unsupported by the evidence or controlled by an error of law.  Id.  Because an action seeking an injunction is in equity, an appellate court can find facts in accordance with its own view of the preponderance of the evidence.  Doe v. South Carolina Med. Malpractice Liability Joint Underwriting Assn, 347 S.C. 642, 645, 557 S.E.2d 670, 672 (2001).
DISCUSSION
Ross Marine argues the trial court erred in refusing to grant injunctive relief because the Law Firm has a conflict of interest arising from its prior representation of the appellants.  We disagree.
Generally, to obtain an injunction, a party must demonstrate irreparable harm, a likelihood of success on the merits, and an inadequate remedy at law.  Mailsource, LLC v. M.A. Bailey & Associates, Inc., 356 S.C. 363, 367-68, 588 S.E.2d 635, 638 (Ct. App. 2003).  The trial courts decision to deny the requested relief was largely based on the conclusion Ross Marine would not be successful on the merits of its conflict claims.  Pursuant to our standard of review, our decision hinges on whether this conclusion is supported by the evidence. 
Central to our analysis of whether the denial of injunctive relief was proper is the law of attorney conflicts regarding former clients.  Rule 1.9(a) of the Rules of Professional Conduct, Rule 407, SCACR, provides:

A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that persons interest are [sic] materially adverse to the interests of the former client unless the former client consents after consultation. (emphasis added)

In determining whether the matter is substantially related, one should consider, among other things, whether the affected lawyer would have or reasonably could have learned confidential information in the first representation that would be of significance in the second.  Townsend v. Townsend, 323 S.C. 309, 317, 474 S.E.2d 424, 429 (1996) (quoting 1 Geoffrey C. Hazard, Jr. & W. William Hodes, The Law of Lawyering: A Handbook on the Model Rules of Professional Conduct § 1.9:104, at 293 (1996)) (emphasis added).
Browders current case against Ross Marine mainly involves issues of compensation, particularly bonuses and employment benefits he alleges are due him pursuant to his employment contract.  His pleadings do, however, allege wrongful termination of his employment contract, which, according to Browders pleadings, limits termination to disloyal, dishonest, or unlawful conduct.  The cases in which Query represented Ross Marine were mainly collection matters, but include a dispute over completed work and a defective product case against a coatings manufacturer.
Ross Marines primary support of its conflict claims are the affidavits of Arthur Swygert, Jr., one of which states, in rather conclusory fashion, I believe that Grady Query and Saul Gliserman . . . learned valuable information regarding both David Browders employment and the operations of Ross Marine that cause conflicts with their representation of David Browder against Ross Marine.  In a second affidavit, Swygert expounds on his previous allegation by describing three cases where the Law Firm represented Ross Marine.  Swygert asserts that these cases at least tangentially involved Browders work performance.
None of the affidavits, however, aver that any confidential information was obtained by the Law Firm from any of the individual defendants or the corporation.  On the contrary, Ross Marine acknowledges that Browder was the primary contact between the company and its attorneys and does not allege how any information could have reasonably been gained in the prior representation that Browder could not simply convey to his attorney in his capacity as a current client.  Accordingly, the trial court found Ross Marine failed to establish a likelihood of success on the merits of their conflict claim.
After reviewing the record on appeal, we conclude the evidence supports this finding.  As stated in Madison v. Graffix Fabrix, Inc., 304 S.C. 321, 325-26, 404 S.E.2d 37, 40 (Ct. App. 1991):

[A]n attorney is not prevented from representing a subsequent client against a former client, where the duties required of him do not conflict with those required in the first employment.  The test of whether the attorneys employment is inconsistent with his duty to a former client is whether acceptance of the new retainer will require him, in forwarding the interest of the new client, to do anything that will injuriously affect a former client in any matter in which he formerly represented him, and also whether the attorney will be called on, in his new relation, to use against a former client any knowledge or information acquired in the former relationship.

One year after the filing of Browders complaint, Ross Marine failed to support its blanket allegations of attorney conflict with competent evidence showing confidential information regarding Browders claims reasonably could have passed to the Law Firm during the previous representations.  Furthermore, Ross Marine failed to cogently articulate how any information in the prior representations is confidential or, for that matter, how it would be of significance in the present action.    Although the standard for determining conflicts against an attorneys former clients requires only a minimal showing that the attorney reasonably could have learned confidential information, mere conclusory allegations that such information passed to the attorney, with nothing more, do not satisfy an attorney conflict claim. 
Because Ross Marine failed to establish a likelihood of success on the merits of their conflict claims, the trial courts decision denying injunctive relief is
 AFFIRMED.
STILWELL, KITTREDGE, and    WILLIAMS, JJ., concur.