### SHIRLEY v. PARRIS
#### (113 S. E., 788)

1.  DOWER—DIVORCE BARS DOWER IN AFTER-ACQUIRED LANDS.—Where plaintiff was married in Alabama, an Alabama decree dissolving the marriage completely destroys the status out of which a wife's inchoate right of dower springs, and no such right could attach to lands afterwards acquired in this State by the divorced husband.

2. MORTGAGES—EXCUSE FOR NOT PAYING NOTE HELD NOT SUPPORTED BY EVIDENCE.—Contention that mortgagee's statement to mortgagor that he could have all the time he wanted after the first note became due, deprived mortgagee of the right to foreclose until mortgagor was given a reasonable time to pay after notice was unavailable, where the evidence showed that the only ground for not paying the note was an asserted outstanding dower right in lands sold.

3. MORTGAGES—RIGHT TO ACCELERATE PAYMENT FOR DEFAULT NOT DEFEATED BY PARTIAL TENDER.—Default having been made in meeting the payments stipulated in the mortgage, the legal right to declare the whole debt due could not be taken away or nullified by a partial tender.

Before WILSON, J., Spartanburg, October, 1921. Affirmed.

Action by W. J. Shirley against J. C. Parris. Judgment for plaintiff and defendant appeals.

The Master's report is as follows:

This is a suit for the foreclosure of a mortgage given by defendant to secure a series of notes dated November 9, 1918, evidencing the greater portion of the purchase price of a tract of land which plaintiff had conveyed to defendant by deed containing the usual covenant of warranty. The first of the three notes was discounted by plaintiff at American National Bank. Upon its maturity it was not paid, but was extended for another year. On November 9, 1920, the note as extended became due, and the bank began to request payment. Upon the same date the second note of the series had become due also. About this time, or perhaps before, certainly after May 8, 1920, the defendant heard a rumor that plaintiff had a living wife, whose dower had not been renounced upon the deed which he had made to defendant. He made inquiry of plaintiff about it, and not feeling entirely reassured by plaintiff's declaration that there was no dower in the land, he decided not to pay the note until fully satisfied upon the question over which he was disturbed. Thereafter, plaintiff took up note which had been discounted at the bank, and authorized his attorney to

commence suit to foreclose his mortgage, electing under the provision therein contained to declare the entire mortgage indebtedness due.   Just before the suit was commenced, defendant had a conference with the plaintiff's attorney, offering to pay the first two notes of the series, together with interest and attorney's commissions, but contending that the third note was not due, and that he was entitled to pay it on November 9, 1921, when it would become due according to its terms.   Defendant frankly admits that in making this offer he had in mind the fact that the last note of the series was sufficient to protect him against any possible claim of dower.   Defendant's overture was refused, and foreclosure was instituted January 11, 1921.

The plaintiff was married on March 3, 1886, to Annie Melton, in Elmore county, Ala., who afterwards brought suit against him to obtain a divorce in the chancery Court of Alabama.   This proceeding culminated in a decree by the chancellor on September 8, 1890, granting a full and complete divorce to both complainant and respondent, awarding the custody of their child to the mother, and allowing the defendant, William J. Shirley, to marry again.

Annie A. Shirley was thereafter married to one J. L. Bailey, February 24, 1894, as appears by certified copy from the record of the Court of ordinary from Troup county, Ga.   In February, 1907, W. J. Shirley was married to Emma J. Parris, of Spartanburg county, with whom he lived until her death about three years ago.

Not all of the facts as set forth in the foregoing statement are undisputed, but it is a statement of the facts as I find them from a consideration of the testimony.

The defendant, J. C. Parris, resists foreclosure, contending that he should be protected against the inchoate right of dower in plaintiff's first wife out of the mortgage debt. Failing in this, he contends that it would be inequitable to pronounce a decree of foreclosure against him, for the

reason that he offered to pay the entire mortgage indebtedness at the time of the maturity of the first note, which payment plaintiff refused to accept, preferring to have his money out at interest rather than to collect it, and more particularly on the ground that defendant then told plaintiff that if he kept this money he would use it in the purchase of other lands, to which plaintiff agreed. Therefore defendant contends he should be allowed a reasonable time in which to get up the amount due plaintiff, before being pushed or pressed.

Is the divorce granted a bar to dower? Article 4, § 1, of the Constitution of the United States is as follows: "Full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State. And the Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof."

Article 17, § 3, of the Constitution of South Carolina provides as follows: "Divorce from the bonds of matrimony shall not be allowed in this State."

Divorces are contrary to the fundamental law of South Carolina, and will not receive willing recognition in the Courts of this State. Such recognition as may be extended to them can only come in obedience to the provision of the federal Constitution as the supreme law of the land. Under that provision the judicial decrees of competent Courts in any State in the American Union are entitled to receive full faith and credit at the hands of the Courts of every other State. But State Courts are not required to give this degree of credit to the decrees of any Court in another State, however judicially learned or well considered, where that Court did not possess jurisdiction to pronounce the opinion. The case of *Haddock v. Haddock,* 201 U. S., 562; 26 Sup. Ct., 525; 50 L. Ed., 867; 5 Ann. Cas., 1, decides that the domicile within the State of one party to the marriage does not confer jurisdiction

upon the Courts of that State to render a decree of divorce which will be valid and enforceable .in all other States by virtue of the full faith and credit clause of the Constitution, against a nonresident who did not appear and who was only served by publication.

In the case at bar a certified transcript of the divorce proceeding was introduced in evidence, from which it appears that the complainant, Annie Shirley, alleged that William J. Shirley was a nonresident. He was served by publication, and it was not until after the time allowed for answering had expired that he appeared. He obtained leave of the Court to answer the complaint, and did answer through his solicitor. By this answer he denies the allegation as to his nonresidence. At the reference held before me William J. Shirley testified that he was present at the examination of witnesses in the divorce proceeding. This testimony is relevant, competent, and uncontradicted. His appearance in person at the trial of the case in open Court gave the Court personal jurisdiction. It is well settled in South Carolina that one may waive his right to object to the jurisdiction of the Court, in so far as jurisdiction of the person is concerned, by a general ·appearance, even though he may not have been personally served. The Constitution of the United States provides that full (not some) faith and credit shall be given to judicial proceedings of other States. This divorce is therefore to be taken at its face value, and W. J. Shirley was freed by it from the bond of matrimony.

Neither can I sustain the defendant's contention that the foreclosure decree should not be pronounced without giving him a reasonable time in which to get up the money to pay the mortgage indebtedness. It must be admitted that in deciding this point the matter is not free from difficulty, because the witnesses testified to quite a number of occurrences without fixing definite dates. But it is clear that payment had been demanded for some time when plaintiff

took up the note at the bank on December 28, 1920. It is also true that during the month of December Attorney J. B. Atkinson had made the trip to Wetumpka, Ala., for the purpose of seeing Mrs. Bailey, who had been W. J. Shirley's first wife. Mr. Atkinson testified that his trip to Alabama was made as the result of information obtained from letters addressed to the defendant, and turned over to him, although he was employed to make the trip by W. P. Brown, who had also purchased land from Shirley, and who was greatly perturbed over the dower question. By the exercise of ordinary diligence, as it seems to me, the defendant, J. C. Parris, could have ascertained from the records of the chancery Court in Elmore county, Ala., from Attorney J. B. Atkinson, who interviewed Mrs. Bailey December 1, 1920, and from the statute law of South Carolina (Acts 1920, pp. 1066–1068, inclusive) that there was no outstanding dower in W. J. Shirley's land. By the terms of the mortgage all notes secured by it became due at the option of the owner thereof, whenever any one of them was due and unpaid. The plaintiff is entitled to foreclosure.

I find that there is due upon plaintiff's notes the sum of $4,237.24, including attorney's commissions as therein provided. I recommend that plaintiff have judgment against the defendant in this amount, and that the Court pronounce the usual decree in foreclosure.

*Messrs. J. D. Andrews* and *R. B. Paslay,* for appellant, cite: *Outstanding inchoate right of dower an encumbrance:* 77 S. C., 94; 79 S. C., 212; 94 S. C., 492. *And substantial right of property:* 44 S. C., 195; 94 S. C., 494; 112 S. C., 329. *Duty of State Court as to recognition of foreign divorce:* 44 S. C., 195; 76 S. C., 145; 110 S. C., 253. *Decree of divorce void on its face:* 44 S. C., 195; 76 S. C., 145; 110 S. C., 253; 18 Wall., 457; 191 U. S., 177; 188 U. S., 15; 201 U. S., 561.

*Mr. H. E. DePass,* for respondent, cites: *No dower claim outstanding where valid divorce has been granted:* 201 U. S., 651; 48 S. C., 492; 44 S. C., 195; 2 Strob. Eq., 178. *Acts* 1920, p. 1066, 1067, 1068; 108 S. E., 101; 12 Wheat., 298; 19 L. Ed., 604; 48 S. C., 492.

September 26, 1922.

The opinion of the Court was delivered by Mr. Justice Marion.

The appeal is from a circuit decree of Judge John S. Wilson, confirming a report of Hon. S. T. Lanham, Master of Spartanburg county, in an action to foreclose a real estate mortgage. Let the report of the Master be incorporated in the report of the case.

The plaintiff sold the defendant a tract of land and conveyed title by deed, containing the usual covenant of warranty, dated November 9, 1918. A balance of $3,790 on the purchase price was evidenced by three notes, secured by a mortgage on the land, each of the notes, dated November 9, 1918, being for approximately one-third of this balance, due one, two, and three years from date. When the first note came due the defendant offered to pay the plaintiff the entire balance due on the land, but at the instance of the plaintiff, who desired to keep the money out at interest, only $400 was paid. Defendant claims that the plaintiff then assured him he could have all the time he wanted in paying the debt, and that, relying upon this assurance, he invested his money in other real estate. Before the maturity date of the second note, November 9, 1920, this amicable status of affairs was disturbed by a rumor that had reached the defendant of an outstanding dower claim in the land. The plaintiff, about the year 1907, had married the defendant's sister in Spartanburg county, and seems to have lived with her up to the time of her death, which occurred before the execution of the deed to this land. Upon the conveyance from the plaintiff to the defendant there had been no renunciation of dower. Defendant re-

ported to plaintiff that he had heard of a wife living in Alabama who had a dower claim in the land. Plaintiff assured him that he would guarantee there was no legal dower in the land. The defendant, however, seems not to have been satisfied. When the maturity date of the second note, November 9, 1920, arrived, the plaintiff requested payment of this second note and of the balance due on the extended first note. Defendant declined to meet these payments, apparently upon the ground that he was entitled to have the cloud on the title in the form of the alleged dower claim removed. The mortgage contained a provision that upon default in the payment of annual interest or in the payment of any of the notes at maturity all of the notes should become due. After default the plaintiff placed the papers in the hands of his attorney for collection. In January, 1921, just before this suit was started, defendant offered to pay the amount due on the first two notes, including attorney's fees, but the offer was made with notice to the plaintiff that payment of the last note would be contested on the ground that there was an outstanding dower. Plaintiff declined the offer and brought action to foreclose the mortgage. The Master found and concluded that the alleged dower claim of the plaintiff's first wife had been extinguished by a valid Alabama divorce, that there was no outstanding inchoate right of dower, and that plaintiff was entitled to foreclosure. From a formal decree of the Circuit Judge confirming the Master's report, and ordering foreclosure and sale, defendant appeals upon ten exceptions.

Appellant's exceptions numbered 1 to 7, inclusive, are directed to the contention that there is an outstanding inchoate right of dower in the land, against which defendant is entitled to protection, and that the Circuit Court erred in not so holding. These exceptions must be overruled. The plaintiff was married to his first wife in the State of Alabama in 1886. Both he and his wife were then residents of that State. In 1889, the wife brought suit in

the Alabama Courts for a divorce.   In that suit the husband
(the plaintiff here) appeared and answered, denying among
other things, that he was not a resident of the State of Ala-
bama.    The suit resulted in a decree of absolute divorce
between the parties. · A properly authenticated transcript
of .the record in the "chancery Court of Eighth· district,
Northeastern chancery division of Alabama, in the .case of
*Annie A. Shirley, Complainant, v. Wm. J. Shirley, Re-
spondent,"* was introduced in evidence on the trial below.
There was no evidence tending to impeach the jurisdiction of
the Alabama Court as to the cause or as to the parties.
On the contrary, the plaintiff, Shirley, the defendant in the
divorce suit, testified that he was at the time of the divorce
litigation a resident of Alabama, and that he was personally·
present at the examination of witnesses in the cause.   The
question presented is so clearly ruled by the recent decision
of this Court in the case of *Dawson v. Della Torre et al.,*
116 S. C., 338; 108 S. E., 101, that any discussion of the
proposition in its legal aspect is deemed unnecessary.   The
Alabama decree dissolving the Alabama marriage completely
destroyed the status out of which a wife's inchoate right
of dower springs, and no such right could attach to lands
afterwards acquired in this State by the divorced husband.
There being no outstanding dower interest in the land, there
would seem to be no sound basis for an equitable claim on
defendant's part that the adjudication of that question in
this action should be at plaintiff's expense.

          The appellant's eighth exception assigns error in
not holding that the effect of the plaintiff's statement
to defendant, at the time the first note fell due,
that he could have all the time he wanted, was to de-
prive plaintiff of the right to foreclose the mortgage until
defendant was given a reasonable time to pay the debt after
notice and in not holding that under the circumstances the
attorney's fee should not be charged against the defendant.
Aside from any question as to whether there was sufficient

consideration to support such alleged new promise by the plaintiff, it clearly appears from the evidence that the defendant's ground for not paying the installments of the purchase price due was not the alleged agreement to extend the time of payment, but the supposed existence of an outstanding dower right in the land. Defendant alleges in his answer that he is ready and willing to pay, and "has been ready and willing to pay when he gets a clear title." There was also testimony to the effect that plaintiff, through his attorney, offered to allow defendant a reasonable time to raise and pay the entire balance due. There appears to be no adequate basis·of fact for the error assigned and the exception is overruled.

It is further contended (ninth exception) that the tender by defendant after default of the amount due on the first two notes gave him a right to have the action for foreclosure postponed until he "could have a reasonable time to ascertain whether or not there was really an inchoate right in the premises." Default having been made in meeting the payments stipulated, plaintiff's legal right to declare the whole debt due (*Farmers Bank v. Fudge*, 113 S. C., 25; 100 S. E., 628), and to bring action could not be taken away or nullified by a partial tender (*Berry v. Caldwell et al.*, 121 S. C., 418; 114 S. E., 405). Even if that were not so, no valid reason has been shown for disturbing the finding of the Master, confirmed by the Circuit Judge, that the defendant had had a reasonable time for investigation before the suit was started.

The only point remaining for consideration (tenth exception) is predicated upon the contention that defendant's counterclaim for damages, on account of losing a profitable sale because of the outstanding dower right of plaintiff's wife, should have been allowed. There appears to have been some testimony upon this issue, but no specific finding of fact thereon by either the Master or the Circuit Judge.

There was no outstanding dower interest in the land. The defendant held plaintiff's warranty deed. When the rumor as to the dower was brought to plaintiff's attention, he assured defendant there was no valid claim outstanding. Appellant had suggested no good reason and has cited no authority for the contention that in the circumstances indicated and in the absence of other evidence plaintiff was in any wise legally responsible in damages for the failure of would-be purchasers to buy defendant's land. The exception must be overruled.

The decree of the Circuit Court is affirmed.

CHIEF JUSTICE GARY and MR. JUSTICES FRASER and COTHRAN concur.