20585

SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Respondent, v. Dempsey O. METTS, d/b/a Dempsey's Service Station and Ruth S. Page, and Grace S. Dennis, Appellants.

(240 S. E. (2d) 816)

*William L. Shipley,* and *Alvin L. McElveen, Jr.,* of *Dennis & Dennis,* Moncks Corner, *for Appellants,*

*H. N. West,* of Moncks Corner, and *Daniel R. McLeod, Atty. Gen., Joseph C. Coleman, Dep. Atty. Gen.* and *Paul S. League, Asst. Atty. Gen.,* of Columbia, *for Respondent,*

January 18, 1978.

LEWIS, Chief Justice:

The respondent, South Carolina State Highway Department, brought this action to confirm its ownership of a right of way, extending thirty-seven and one-half (37½) feet from the center line of U. S. Highway No. 52, over a service station lot, owned by appellants, in Berkeley County. The complaint further sought removal of a concrete island and gasoline pumps from the claimed right of way. Pertinent here, appellants interposed a general denial and alleged the respondent was estopped to assert any claim to the right of way in question. This appeal is from an order of the lower court granting respondent's motion for summary judgment.

Summary judgment was granted under Rule 44 of the Circuit Court Practice Rules. This Rule permits the granting of summary judgment where the record establishes that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Davis v. Satterfield Construction Company*, 263 S. C. 356, 210 S. E. (2d) 596.

We find no dispute in the material facts and conclude that the trial judge properly granted summary judgment.

The right of way in question, measuring 37½ feet from the center line of the highway across the property of appellants, was conveyed to Berkeley County and its successors in interest, the respondent, South Carolina State Highway

Department, on February 17, 1927, by the then owners. The written easement was recorded in the office of the Clerk of Court for Berkeley County on February 19, 1927. While the book in which the easement was recorded is now misplaced, it is admitted that the document was properly indexed on the public records and a copy kept among the public records of respondent Highway Department.

Subsequent to the conveyance of the right of way to respondent, the owners constructed a service station on their lot about 1930, with a concrete island within the right of way, on which was located two gasoline pumps and two columns supporting the roof of the service station. In 1939 the owners conveyed all of the service station property to Mr. Charles B. Smith who operated the service station until his death in 1958. Mr. Smith's heirs entered into a contract of sale, dated April 30, 1968, and duly recorded, whereby they agreed to convey the service station property to appellant Metts, subject in all respects to the controversy with the respondent as to the extent of the right of way for U. S. Highway No. 52.

It is undisputed that respondent is the holder of a valid record easement for highway purposes across the property now owned by appellants and that the right of way measures 37½ feet from the center line of the highway. Respondent is accordingly entitled to summary judgment for full possession of the right of way unless appellants' defense of equitable estoppel raises a factual issue.

It appears that the concrete island and gasoline pumps were constructed on a portion of respondent's right of way in 1930 and have remained there since that time. Appellants contend that the failure of respondent to object to the location and use of the island and pumps on the right of way for such a long period of time has caused the intervening property owners to act to their detriment and the respondent should now be estopped to assert any right to possession of the right of way to that extent. It is argued that the doctrine

of equitable estoppel should be applied to prevent respondent from asserting any right to the portion of the right of way occupied by the service station.

It is well settled that no rights in a public street or highway can be acquired against the State or municipality by adverse possession. *City of Myrtle Beach v. Parker,* 260 S. C. 475, 197 S. E. (2d) 290.

It is also settled that "it is of the essence of equitable estoppel that the party entitled to invoke the principle shall have been misled to his injury." *Grady v. City of Greenville,* 129 S. C. 89, 123 S. E. 494. In *Blue Ridge Realty Company v. Williamson,* 247 S. C. 112, 145 S. E. (2d) 922, the essential elements of an equitable estoppel, as related to the party claiming the estoppel, are: (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially."

Therefore, as pointed out by the trial judge the question is whether or not respondent falsely represented or concealed material facts and whether or not appellants lacked knowledge or means of knowledge of the facts. The easement was recorded and indexed, and appellants are charged with constructive notice of its existence. *Carolina Land Company v. Bland,* 265 S. C. 98, 217 S. E. (2d) 16. In addition, the contract of sale to appellant Metts acknowledges that some controversy existed with respondent concerning the right of way across the property. The record conclusively shows that appellants had ample opportunity to ascertain what, if any, right of way had been conveyed over the property for highway purposes.

Neither does the record reveal any action on the part of respondent tending to misrepresent the actual state of facts to appellants or evidencing an intent to abandon a portion of its right of way. There is nothing in this record to show

that respondent did anything to mislead appellants to their detriment in any manner. The trial judge, therefore, properly held that the record presented no genuine issue of fact on the issue of equitable estoppel.

Since no genuine issue of fact was presented under this record, summary judgment was properly granted. This renders consideration of the other questions unnecessary.

Judgment is accordingly affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.