## 63307. OAK MOUNTAIN DEVELOPMENT CORPORATION v. HARRELL.

CARLEY, Judge.

Appellee-plaintiff brought suit to recover on a promissory note executed by appellant-defendant corporation. From the grant of appellee's motion for summary judgment, appellant brings this appeal.

The relevant, undisputed facts are as follows: The promissory note provided for the repayment of the principal amount of $113,700.00 in consecutive monthly installments of $1,748.33. The first installment was due on the 15th of December, 1980 and succeeding installments were due on the 15th day of each month thereafter. The first installment was timely paid but the second installment was not tendered until January 16, 1981, the day after it was due under the terms of the promissory note. Appellee refused to accept the late tender and, thereafter, on January 30, 1981, instituted the instant action to recover the entire principal balance under the note, plus accrued interest and attorney's fees.

1. The promissory note sued upon provides, in pertinent part, that in the event of default the holder "shall have the right to declare the entire principal balance and all accrued interest immediately due, payable, and collectible *without notice* and without legal process."

(Emphasis supplied.) In *Fulton Nat. Bank v. Horn,* 239 Ga. 648, 650 (238 SE2d 358) (1977) the Supreme Court held: "Where the parties agree that in the event of default the creditor 'may declare' acceleration, the exercise of the option to declare acceleration must be communicated to the debtor or manifested by some affirmative act sufficient to constitute notice to the debtor of acceleration, *Lee v. O'Quinn,* [184 Ga. 44 (190 SE 564) (1937)] but where the parties agree that in the event of default the creditor 'may declare' acceleration 'without notice' to the debtor, *Lee v. O'Quinn* is not applicable and, according to the agreement, notice of the declaration of acceleration need not be communicated to the debtor."

Applying the foregoing legal principles to the facts of the instant case, it is readily apparent that when payment was not received on January 15, 1981, appellee's "exercise of the option to declare acceleration [did not have to] be communicated to [appellant] or manifested by some affirmative act sufficient to constitute notice to [appellant] of acceleration." *Fulton Nat. Bank v. Horn,* supra. Contrary to appellant's contentions, we hold that it was unnecessary for appellee to do anything other than reject the untimely tender in order to exercise her right to accelerate the balance due under the note.

2. Appellee's exercise of her legal right under the note to accelerate the entire balance does not create an issue of good faith precluding the grant of summary judgment. *First Bank v. Kilpatrick-Smith &c. Co.,* 153 Ga. App. 112, 114 (264 SE2d 576) (1980).

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED APRIL 8, 1982 —
REHEARING DENIED APRIL 22, 1982 — ■

*J. Barrington Vaught,* for appellant.
*Charles A. Gower, Stephen G. Gunby,* for appellee.