22209

ALLENDALE FURNITURE COMPANY, INC., Respondent, v. CAROLINA
COMMERCIAL BANK, Petitioner

(325 S. E. (2d) 530)

Supreme Court

*Michael W. Tighe,* of *Callison, Tighe, Rush, Robinson & Anastation,* Columbia, *for respondent.*

*Thomas O. Lawton, Jr.,* Allendale, and *James B. Richardson, Jr.,* of *Ham & Richardson,* Columbia, *for petitioner.*

Writ Issued June 6, 1984.

Heard Oct. 15, 1984.

Decided Jan. 9, 1985.

CHANDLER, Justice:

This petition is from a decision of the Court of Appeals, reversing a judgment of the Circuit Court. See 280 S. C. 247, 312 S. E. (2d) 569 (S. C. App. 1984).

We reverse and affirm the original judgment.

This action involves a $75,000.00 note and real estate mortgage given by Allendale Furniture Company (Company) to Carolina Commercial Bank (Bank), payable on the first day of each month at the rate of $919.96.

From date of execution on April 14, 1974, through September, 1976, payments were timely made; thereafter, they were delinquent from as little as eight days to as much as several months. Bank, while accepting late payments, notifed Company on 37 occasions of the need for compliance.

The payment due February 1, 1980, was not received until February 22. It was returned with cover letter advising Company it would be contacted by Bank's attorney regarding the account. According to Bank, the note and mortgage had been placed with its attorney on February 14 for foreclosure.

On March 31 Bank received and returned both the February and March payments. These payments were mailed with Company's cover letter dated March 10, the same date on which Bank commenced its foreclosure action.

The note provides:

> If default be made in the performance of . . . this note . . ., said principal sum with all accrued interest thereon shall become *at once* due and payable at the option of the holder *without further notice* (emphasis supplied).

On these facts the Master and Circuit Judge held that the default in payment entitled Bank to accelerate the maturity of the note and foreclosure without further notice to the mortgagor Company.

In a divided decision, the majority opinion of the Court of Appeals (majority opinion) reversed and held that Company's late tender on February 22 of the payment due February 1, having occurred prior to some affirmative act by Bank evidencing to Company its election to accelerate, cured the default. We disagree.

The sole issue here is whether some affirmative act constituting notice to Company is required where the note in

question contains the "without further notice" provision. We hold that it is not.

In *Dargon v. Metropolitan Properties, Inc.*, 243 S. E. 324, 329, 133 S. E. (2d) 821 (1963) our Court held:

> [W]hen [the mortgagee] placed his note and mortgage in the hands of an attorney for collection or foreclosure, the [mortgagor] was in default and the [mortgagee] had the legal right, *without further notice* or demand, to declare the entire balance due and commence his foreclosure action. This right could not thereafter be taken away or nullified by a partial tender. 243 S. E. at 329, 133 S. E. (2d) 821 (emphasis supplied).

The mortgagor in *Dargan*, as here, had tendered the past-due payment after the mortgagee had instructed its attorney to foreclosure, but prior to actual institution of the suit. However, the majority opinion distinguished *Dargan* on the basis that the tender of the arrearage there did not include an amount for interest on accrued interest, as provided in the note, and was, therefore, defective. We think that the matter of interest on accrued interest in *Dargan* was an incidental fact only, and was not considered in the decision. Our conclusion on this point is supported by the *Dargan* Court's reliance upon the earlier case of *Shirley v. Parris*, 121 S. C. 260, 113 S. E. 788 (1922), in which the late tender was in the correct amount.

In *Shirley*, not cited or discussed in the majority opinion, the mortgagee was given three separate notes. Each provided that, upon default of any of them, all three should become due and payable. At due date for payment of the first two notes the mortgagor defaulted. All three notes were then turned over to mortgagee's attorney for foreclosure. Prior to institution of proceedings the mortgagor tendered payment under the first two notes, which was rejected and suit commenced. Said the Court:

> Default having been made in meeting the payments stipulated, plaintiff's legal right to declare the whole debt due ... and to bring action could not be taken away or nullified by a *partial* tender ... 121 S. C. at 269, 113 S. E. 788 (emphasis supplied).

When *Dargon* and *Shirley* are considered together, it is clear that the language "partial tender", used in both decisions, means that a tender of anything less than the *full accelerated amount* will not cure the default.

In the majority opinion emphasis is placed upon the requirement in these circumstances that the mortgagee or holder, prior to late tender, perform some affirmative act as evidence of its election to accelerate, and cites *Lee v. O-Quinn*, 184 Ga. 44, 190 S. E. 564 (1937). Reliance on *Lee* here is misplaced.

In *Lee* such an act was held required to entitle mortgagee to accelerate upon default. However, *Lee* is authority only where the note in question fails to include a "without further notice" provision. Where, as here, there is such a provision, the holding in *Lee* does not apply.

This limitation of *Lee* is fully analyzed in *Fulton National Bank v. Horn*, 239 Ga. 648, 238 S. E. (2d) 358 (1977), and again in *Oak Mountain Development Corporation v. Harrell*, 162 Ga. App. 186, 290 S. E. (2d) 177 (1982).

The essential facts here are identical to those in *Oak Mountain Development Corporation*, in which the Court states in 290 S. E. (2d) at 178:

> The promissory note sued upon provides, in pertinent part, that in the event of default the holder "shall have the right to declare the entire principal balance and all accrued interest immediately due, payable and collectible *without notice* and without legal process." (Emphasis supplied). In *Fulton National Bank v. Horn*, 239 Ga. 648, 650, 238 S. E. (2d) 358 (1977) the Supreme Court held: "Where the parties agree that in the event of default the creditor 'may declare' acceleration, the exercise of the option to declare acceleration must be communicated to the debtor or manifested by some affirmative act sufficient to constitute notice to the debtor or manifested by some affirmative act sufficient to constitute notice to the debtor of acceleration, *Lee v. O'Quinn*, [184 Ga. 44, 190 S. E. 564 (1937) ] but where the parties agree that in the event of default the creditor 'may declare' acceleration 'without notice' to the debtor, *Lee v. O'Quinn* is not applicable and, according to the agreement, notice of the

declaration of acceleration need not be communicated to the debtor."

Applying the foregoing legal principles to the facts of the instant case, it is readily apparent that when payment was not received on January 15, 1981, appellee's "exercise of the option to declare acceleration [did not have to] be communicated to [appellant] or manifested by some affirmative act sufficient to constitute notice to [appellant] of acceleration." *Fulton National Bank v. Horn, supra.* Contrary to appellant's contentions, we hold that it was unnecessary for appellee to do anything other than reject the untimely tender in order to exercise her right to accelerate the balance due under the note.

We hold that when payment was not made on February 1, 1980, mortgagee's exercise of its election to accelerate all payments did not have to be communicated to mortgagor or manifested by some affirmative act constituting notice to mortgagor of acceleration. Rejection on February 22 of the late payment was sufficient for the exercise of its right to accelerate the balance due.

Accordingly, the majority opinion of the Court of Appeals is reversed and the judgment of the Circuit Court affirmed.

LITTLEJOHN, C. J., and NESS, GREGORY and HARWELL, JJ., concur.