22441

Sybil C. CAULDER, Appellant, v. Robert L. LEWIS, Dorothy B. Lewis,
Georgia Farm Buildings, Inc. and Dixie Specialty Co., Inc., Defendants,
of which Robert L. Lewis and Dorothy B. Lewis are Respondents.

(338 S. E. (2d) 837)

Supreme Court

*Marvin P. Jackson, Jr.,* Florence, *for appellant.*

*J. Allen Lewis, Jr.,* of *Yarborough, Lewis, Weaver & Stew-
art,* Florence, *for respondents.*

Heard Nov. 20, 1985.

Decided Jan. 8, 1986.

CHANDLER, Justice:

This case involves a mortgage foreclosure. The Circuit
Court held the mortgagee was estopped to enforce an "accel-
eration" clause. We reverse.

## FACTS

Mortgagors (the Lewises) purchased a house in Florence
County from mortgagee (Caulder) in 1977.

The Lewises gave Caulder a purchase money note and
mortgage requiring that installment payments of $202.86 be

made by the 15th day of each month. The "Mortgage Note" contained the following provision:

> If default be made in the payment of any installment under this note, the entire principal and accrued interest shall at once become due and payable without notice at the option of the holder of this note. *Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default.* [Emphasis supplied.]

Caulder refused tender of a payment offered five days late in June, 1983, and brought this action to foreclose the mortgage under the "acceleration" clause.

The Circuit Court found that the Lewises, since 1977, had made timely the majority of the payments, but found that payments in June, 1978, and August, 1982, had been made late. The Court also found that in August, 1982, there was an understanding that payments would not be late on any subsequent date, or Caulder would *exercise her option to accelerate.*

The Court found there had been at least one late payment accepted since the August, 1982, agreement, and held Caulder had thereby established a pattern constituting a waiver of the "acceleration" clause and was estopped to assert it.

### ISSUE

Whether a waiver of the right to enforce the acceleration clause and foreclose the mortgage was established.

### SCOPE OF REVIEW

A mortgage foreclosure is an action in equity. *Continental Mtg. Investors v. Quail Run,* 280 S. C. 409, 312 S. E. (2d) 272 (1984). Where the Circuit Court hears an action in equity without a reference, an appellate court has jurisdiction to find facts in accordance with its own views of the preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976).

The evidence preponderates that the Lewises were a day or two late on one or two payments between the August, 1982, "warning" and June, 1983.

## RIGHT TO ACCELERATE

In *Berry v. Caldwell*, 121 S. C. 418, 114 S. E. 405 (1922), a mortgage note provided that on non-payment of any installment of interest, both principal and interest should become due and payable at once. We held the mortgagee had a right to commence an action to foreclose *without a previous demand* for payment of arrears.

Subsequent cases have reaffirmed the validity of "acceleration" clauses. *See Dargan v. Metropolitan Properties, Inc.,* 243 S. C. 324, 133 S. E. (2d) 821 (1963); *Allendale Furniture Co., Inc. v. Carolina Commercial Bank,* 284 S. C. 76, 325 S. E. (2d) 530 (1985).

## WAIVER

In *Rakestraw v. Dozier Associates, Inc.,* 285 S. C. 358, 329 S. E. (2d) 437 (1985), a mortgage contained a "balance due on sale" clause. We held the mortgagees, by accepting payments for 17 months, had waived the right to assert this provision.

The Lewises rely on *Stinemeyer v. Wesco Farms, Inc.,* 260 Or. 109, 487 P. (2d) 65 (1971), which applied a similar principle. This case held that a vendor who accepted late payments over a period of time had waived a contract provision making time of the essence. The purchaser was therefore entitled to notice of the vendor's intention to require strict performance, as well as an opportunity to bring delinquent payments current, before the vendor could accelerate the debt and foreclose.

However, *Stinemeyer* and similiar cases cited in Annotation, 97 A.L.R. (2d) 997 apply waiver only where a *long-continued* course of accepting late payments leads the debtor to rely justifiably on the creditor's willingness to accept payment late. The facts distinguish those cases from the one here.

In applying waiver, the Court in *Stinemeyer* stated:

> It has been our policy to encourage sellers of land to enforce their contracts in equity when the purchaser had defaulted in his performance. [Citations omitted.] Our holding in this case is not inconsistent with that policy. The vendor who has, by a practice of accepting late payments, permitted the purchaser to rely on this

course of conduct, need only give reasonable notice that thereafter he will insist on strict performance of the contract. Further defaults would entitle him to his foreclosure remedy.

487 P. (2d) at 68.

Here, Caulder gave notice in August, 1982, that she would foreclose if future payments were in default.

We hold that the one or two late payments accepted between August, 1982, and June, 1983, do not establish a waiver. Caulder may exercise her option under the "acceleration" clause.

Accordingly, the Order of the Circuit Court is

Reversed.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.