0671

Edsel H. HOWARD and Frances C. Howard, Respondents v.
SOUTH CAROLINA NATIONAL BANK, Appellant.

(343 S. E. (2d) 41)

Court of Appeals

*Stan McGuffin,* of the *South Carolina Nat. Bank,* Columbia, *for appellant.*

*Robert A. Bullock,* Columbia, *for respondents.*

Heard Jan. 27, 1986.

Decided April 7, 1986.

CURETON, Judge:

In this action respondents Edsel H. Howard and Frances C. Howard (Howards) claim that the manner in which South Carolina National Bank (SCN) repossessed their camper/ mobile home (camper) constitutes conversion. A jury awarded the Howards actual and punitive damages. SCN appeals the trial judge's denial of its motions for nonsuit, directed verdict and judgment nothwithstanding the verdict. We reverse and remand.

The Howards purchased a camper in December 1980 and financed it through SCN. The installment sales contract required the Howards to make monthly payments of One Hundred Seventy-seven and 17/100 Dollars ($177.17) on or before the twenty-fifth day of each month. The camper was pledged as collateral for the loan.

In November 1982 the camper was damaged by fire requiring the Howards to move out of their home. They failed to make the payments for December 1982 and January 1983. The bank repossessed the camper on January 27, 1983. On December 13, 1983, a jury awarded the Howards Ten Thousand Dollars ($10,000.00) actual damages and Fifty Thousand Dollars ($50,000.00) punitive damages for conversion. Upon the trial judge's denial of SCN's motions for nonsuit,

directed verdict and judgment n.o.v. this appeal followed.

This appeal presents two basic questions for review: (1) is there any evidence that SCN's repossession of the camper amounted to a conversion; and (2) is there any evidence to sustain the amount of the verdict?

In ruling on motions for nonsuit, directed verdict and judgment n.o.v., a trial judge and likewise this court on appeal is required to view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party resisting the motions. We must deny the motions if either the evidence yields more than one inference or its inferences are in doubt. *Vacation Time of Hilton Head Island, Inc. v. Lighthouse Realty*, 286 S. C. 261, 332 S. E. (2d) 781, 785 (Ct. App. 1985). Here, the evidence is susceptible of only one reasonable inference. Therefore, the trial judge should have granted SCN's motion for directed verdict. *See Gosnell v. South Carolina Department of Highways & Public Transportation*, 282 S. C. 526, 532, 320 S. E. 82d) 454, 457 (Ct. App. 1984).

Mr. Howard (Howard) testified that the first contact he had with an SCN representative after default was on January 20, 1983 when Mr. Mclain, a collection officer, called to inquire about the December payment. According to Howard, it was during this conversation that the fire was discussed and the fact the insurance company had not paid the fire loss. Further, Howard testified that Mclain told him to "call me as soon as you hear from the insurance company." Howard said that he interpreted this statement to mean that the *December 1982* payment would be deferred until the insurance claim was settled.

Howard further testified that after being notified on January 27, 1983 by the insurance company of the sum that it would pay on the claim, he called SCN and talked to the collection manager, Mr. Bright. Howard asked Bright to allow him to make the two payments in arrears from the insurance proceeds. Bright refused and stated that he wanted the claim proceeds to be expended for repair of the camper. Thereafter, the conversation turned to repossession of the camper. Then Howard inquired about the right to remove some Eighty Dollars ($80.00) worth of fixtures which he had placed on the camper after the fire. Bright also

refused this request. Howard then testified that Bright told him that "he would give us [the Howards] until February 4[1] to move our personal belongings out of the camper, or to catch the account up to date."

Bright denied he ever agreed with Howard to defer repossession until February 4, 1983. He testified that as a result of his January 27, 1983 conversation with Howard, he was convinced that Howard intended to strip the camper prior to repossession. He ordered an immediate repossession because he believed the bank's collateral was in jeopardy. The trailer was repossessed the night of January 27, 1983. At the time of repossession, the camper contained personal property of the Howard's valued at approximately Three Thousand Dollars ($3,000.00).[2] After repossession, the bank offered to release the personal property. The record does not reflect whether the Howards have received this property from the bank.

The right of SCN to repossess the camper depended upon whether or not there had been a default or condition broken in terms of the security agreement. A secured party commits a conversion when he takes possession of collateral and disposes of it before he is entitled to it under the terms of the security agreement. *Castell v. Stephenson Finance Co.*, 244 S. C. 45, 52, 135 S. E. (2d) 311, 314 (1964).

The Howards' claim that SCN prematurely repossessed their property is based upon both an alleged agreement with Mclain to defer payments until the insurance claim was settled and upon Bright's agreement to defer payments until February 4, 1983. SCN argues that neither of these conversations constitutes an enforceable promise because there is no consideration to support either promise. We agree.

---

[1] Howard admits this date may have been February 2, 1983.

[2] The security agreement executed by the parties provided *inter alia* for immediate possession without notice after default and also provided that if the collateral repossessed is a mobile home or the like, SCN "may temporarily hold for [the Howards] any personal property located therein and not subject SCN's security interest. In such event [the Howards] shall, by certified or registered U.S. Mail, notify [SCN] within twenty-four hours of its resumption of possession" and arrange to obtain the items. It is not contended by the Howards that SCN refused to return their personal property upon request.

Assuming that Mclain's January 20 statement constituted an agreement to defer the December 1982 payment, the agreement does not affect the default which occurred when the Howards failed to make the January 25, 1983 payment. We thus hold that any promise made by Mclain does not affect SCN's right to repossess after the January 1983 payment became due.

Turning now to Bright's January 27 statement to Howard and finding, as we are required to do, that Bright in fact promised Howard that he had until February 4, 1983 to either remove his goods from the camper or make the payments current, we note that there is no evidence that the Howards agreed to either pay the past due installments or to do anything in return for SCN's promise to defer payment. Consequently, we are unable to find an enforceable promise because of lack of consideration. *See Certain-teed Products Corp. v. Sanders*, 264 N. C. 234, 141 S. E. (2d) 329 (1965) (when debt was past due and there was no evidence that the debtor made a promise of any kind, there is no consideration to support a contract enforceable in law); *Hammel v. Zeigler Financing Corp.*, 113 Wis. (2d) 73, 334 N. W. (2d) 913 (Wis. App. 1983) (promise to forbear and give further time for payment of debt, although no specific time is named, if followed by actual forbearance for a reasonable time, is valid and sufficient consideration for *promise, guaranteeing its payment)* (emphasis added); 17 Am. Jur. (2d) *Contracts* Section 474 (1964) (In order to constitute consideration, there must be a benefit to the creditor — that is, something must be secured to him which he could not otherwise demand — or there must be a detriment to the debtor — that is, he must actually do or obligate himself to do something which in the absence of his agreement he would not be bound to do.).

The dissent argues that SCN obtained an advantage by extending the period for payment to February 4, 1983 because payment would preclude foreclosure. The dissent misses the point. In Howard's conversation with Bright, he did not promise to make any payments in return for an extension. *See* 17 Am. Jur. (2d) *Contracts* Section 474 (1964). Rather he left Bright with the impression that he wanted to remove property from the camper prior to repossession.

Indeed Howard testified that on January 27 he had sufficient funds to make his account current, yet he did not decide to do so until the day following his conversation with Bright after the camper had been repossessed.

The dissent also points out a detriment[3] to the Howards in that they continued to negotiate a settlement of their claim with the insurance company. This argument is also flawed. The record reveals that Howard had reached a settlement with the insurance company just prior to calling the bank on January 27, 1983.

The Howards also claim that SCN should be estopped to deny that there was a lack of consideration for its promise to defer payments. We disagree. The essential elements of estoppel are: "(1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially." *South Carolina State Highway Department v. Metts*, 270 S. C. 73, 76, 240 S. E. (2d) 816, 817 (1978). Assuming the Howards have satisfied the first two elements, we have found no evidence that the Howards took action of such a character as to change their position prejudicially. The matters outlined by the Howards in their brief[4] all relate to actions taken in reliance upon Mclain's statement which occurred prior to the time they talked to Bright on January 27, 1983.[5]

Having determined SCN did not convert the Howards' camper, we need not reach the other exceptions raised by the

---

[3] In a contractual sense, detriment means the giving up of something the Howards had a right to keep, or doing something they had a right not to do. See numerous cases collected in 12 Words and Phrases *Detriment* at 495-98 (1954).

[4] The Howards argue in their brief that they took the following actions: "Mr. Howard's having made repairs to the camper, Mr. Howard's successfully adjusting the fire claim, and as a result of this work and time, the check for such fire claim being ready to be paid and Mr. Howard having, at his expense made a long distance telephone call to Mr. Mclain within seven days after such extension, and the same being in the afternoon of January 27, 1983 ..."

[5] Regarding the estoppel argument, we invite attention to *Carolina Commercial Bank v. Allendale Furniture Co.*, 280 S. C. 247, 312 S. E. (2d) 569 (Ct. App. 1984) *rev'd on other grounds*, 284 S. C. 76, 325 S. E. (2d) 530 (1985) and *Caulder v. Lewis*, 338 S. E. (2d) 837 (S. C. 1986).

bank. We reverse and remand for entry of judgment in favor of SCN.

Reversed and remanded.

GOOLSBY, J., concurs.

SHAW, J., dissents with separate opinion.

SHAW, Judge (dissenting):

I respectfully dissent with the majority opinion. The majority correctly states a trial judge and this court, when ruling on motions for nonsuit, directed verdict and judgment n.o.v., must view the evidence and all reasonable inferences therefrom in the light most favorable to the resisting party (the Howards). The majority also correctly points out the motions must be denied if the evidence yields more than one inference or its inferences are in doubt. *Vacation Time of Hilton Island, Inc. v. Lighthouse Realty*, 286 S. C. 261, 332 S. E. (2d) 781 (Ct. App. 1985). I disagree with the majority's finding the only reasonable inference from the evidence is favorable to SCN.

First, Bright's promise to give the Howards until February 4, 1983 to make the payments current is supported by independent consideration in the form of an advantage or benefit to SCN as contemplated in *General Electric Co. v. Gate*, 273 S. C. 88, 254 S. E. (2d) 305 (1979), cited by the majority. This benefit is twofold. First, by extending the period for payment to a day certain, the loan was saved from default and the bank would not be faced with disposing of a fire damaged camper. Banks are in the business of lending money for a profit not selling repossessed items. This profit was protected by giving the borrower a breathing period under the existing circumstances of the fire. All prior payments were currently made prior to fire. Second, the Howards, believing they were secure from default, actively pursued and attained payment of their claim from the insurance company. This certainly benefited SCN as loss payee on the insurance.

I also agree with the Howards SCN should be estopped from claiming there was a lack of consideration for its promise to defer payments. "It is a general rule that a party to a conditional sale contract may expressly or impliedly

waive the right to insist upon strict performance of the terms of sale by the other party." *G.M.A.C. v. Herlong,* 248 S. C. 55, 1949 S. E. (2d) 51, 53 (1966). Estoppel seeks to bar a party from lulling another party into the belief strict performance is not required and then taking advantage of the other party's imperfect performance. *See G.M.A.C. v. Herlong.* Finally I note the *Herlong* court stated:

> It has been said for this court that 'the principle of estoppel in equity stands upon the very foundations of right and fair dealing. It considers and weighs the conduct of men in their dealings with each other, and gives that effect and meaning to their actions which common sense and justice dictate.'

*G.M.A.C. v. Herlong,* 149 S. E. (2d) at 54 (quoting *Palmer v. Sovereign Camp, W.O.W.,* 197 S. C. 379, 15 S. E. (2d) 655, 661.).

I would hold the trial judge, faced with widely varying testimony, properly left the fact finding to the good sense of a jury. I would affirm.