## 1086

James E. KIRBY, Appellant v. HORNE MOTOR COMPANY
and Ford Motor Credit Company, Respondents.

(366 S. E. (2d) 259)

Court of Appeals

*Clyde C. Dean, Jr.,* Orangeburg, and *Preston F. McDaniel,* Columbia, *for appellant.*

*Marshall B. Williams,* Orangeburg, and *James M. Brailsford, III* of *Robinson, McFadden, Moore, Pope, Williams, Taylor & Brailsford,* Columbia, *for respondents.*

Heard Dec. 14, 1987.

Decided Feb. 8, 1988.

CURETON, Judge:

James E. Kirby filed a complaint against Horne Motor Company and Ford Motor Credit Company alleging conversion and violation of the South Carolina Unfair Trade Practices Act. The trial judge granted directed verdicts for Horne and Ford Motor Credit on both causes of action. Kirby appeals. We affirm.

In ruling on a motion for directed verdict, the trial court is required to view the evidence and the inferences which can reasonably be drawn from the evidence in the light most favorable to the party opposing the motion. The motion should be denied if the evidence yields more than one inference or its inferences are in doubt. *Howard v. South Carolina National Bank,* 288 S. C. 421, 343 S. E. (2d) 41 (Ct. App. 1986).

Viewing the evidence in the light most favorable to Kirby, he purchased a new automobile from Horne in July of 1983. The car was financed through Ford Motor Credit. Under the financing arrangement, Horne was to make monthly payments in the amount of $179.79 beginning on August 29, 1983. Kirby began experiencing problems with the transmission of the car in November 1983. Efforts by Horne to correct the problem were not satisfactory to Kirby. The record reflects Kirby made car payments through November

29, 1983. He made the December payment on January 13, 1984. Kirby made no further payments. On February 17, 1984, Kirby testified he took the car back to Horne and left the car with the salesman who sold it to him. According to Kirby, he told the salesman he would make the car payments once the car was properly fixed.

On February 23, 1984, Kirby had a conversation with a representative of Ford Motor Credit. He informed the representative he left the car at Horne and would make the payments when the car was fixed. Kirby had previously discussed the car's mechanical problems with this representative. According to Kirby's testimony, the representative had informed him in December or January that she would try to help him with his service problem but the service problem did not absolve him from his obligation to continue to make the payments.

On March 9, 1984, Kirby received a notice of repossession and right to redeem from Ford Motor Credit. The notice indicated he had voluntarily turned in the property to Ford. Kirby was informed in the notice that the property would not be sold until ten (10) days at the earliest from the date of the notice. He was advised of the amount he would need to pay to redeem the car. Kirby testified he received a phone call from the car salesman at Horne on March 9, 1984, and was requested to return the hatchback cover for the car. It was during the course of this conversation that Kirby testified the salesman told him the car had been sold. Kirby stated he contacted the Ford representative with this news. The representative advised him she would contact Horne about this matter. Kirby stated the representative called him later and said the car had not been sold. Kirby testified he went to Horne to look for the car as it was his intention to redeem the automobile. The car was not present on the Horne lot from March 9 through March 16. On the 16th he saw the car on the lot but it had a parking sticker on it from the Orangeburg County Hospital. The testimony reveals Horne allowed a prospective purchaser to drive the car and the parking sticker was placed on the car by this individual. The car was sold to this person on March 20. A deficiency resulted from the sale. Horne counterclaimed for the deficiency in this action as it had repurchased the car from Ford under their repurchase agreement.

Kirby alleged in his complaint Horne and Ford Motor Credit converted his car by selling it to a third party before the end of the ten (10) day redemption period. He argues there is no evidence he voluntarily surrendered his car on February 17. The trial court held Kirby's actions in delivering the car to Horne and refusing to make further payments constituted voluntary surrender of the car as a matter of law. Further, the trial court held it was undisputed the car was not sold until March 20, 1984, which was after the redemption period. The court found no conversion by Horne or Ford based upon allowing a prospective purchaser to drive the car.

In reviewing the directed verdict on the conversion cause of action we note there was discussion between the court and the attorneys at the end of the plaintiff's case as to the exact basis of the conversion claim. Counsel for Kirby argued to the trial court and in his brief to this court that Horne and Ford Motor Credit failed to give Kirby a notice of right to cure under *S. C. Code Ann.* Section 37-5-110 (1976). Counsel argued the repossession of the car constituted a violation of the Consumer Protection Code and was a conversion under Section 37-5-111(4). Defense counsel argued this theory of conversion was not presented in the complaint. Kirby's counsel made a motion under S. C. Rule of Civil Procedure 15 to amend his complaint to specify the violation of the South Carolina Consumer Protection Code. The motion was denied by the trial court. Kirby has not excepted to the denial of the motion to amend. Accordingly, we do not address the issue of a cause of action for conversion under the Consumer Protection Code but confine our review to the claim for conversion based upon an alleged sale prior to the ten day redemption period. *Walker v. Frericks,* 292 S. C. 87, 354 S. E. (2d) 915 (Ct. App. 1987) (failure to raise an issue by exception constitutes a waiver).

At the time Kirby left the car with Horne he was one payment behind as he had not made the January 29th payment. His retail installment contract indicated a failure to make any payment when due constituted default. We see no evidence in the record that Horne or Ford Motor Credit made any representation to Kirby he could postpone the payments due to his alleged problems with the automobile.

In fact Kirby testified the representative of Ford had advised him the problems with the car did not affect the requirement to continue to make payments. However, viewing the evidence in the light most favorable to Kirby, we do not deem his action in leaving the car at Horne to be a voluntary surrender. His testimony was he left the car with the salesman and advised the salesman he would make the payments when the car was repaired. This testimony is not consistent with a voluntary return of collateral to the creditor by the debtor because the debtor can no longer make the payments. Therefore, we do not find a voluntary surrender by Kirby on February 17, 1984.

The fact there was no voluntary surrender of the car by Kirby does not mean the actions of Horne and Ford in taking possession of the car constituted conversion. Conversion is an unauthorized assumption and exercise of the right of ownership over goods belonging to another. *Commercial Credit Co. v. Cook,* 165 S. C. 387, 164 S. E. 17 (1932). Conversion is a wrongful act which may arise by either a wrongful taking or wrongful detention. It cannot arise from the exercise of a legal right. *Castell v. Stephenson Finance Co.,* 244 S. C. 45, 135 S. E. (2d) 311 (1964). It is clear that pursuant to the agreement of Kirby and Ford and in accordance with the law of this state, Ford could, upon Kirby's default, take peaceful possession of the automobile subject to Kirby's right to redeem, sell it, and apply the proceeds of sale to Kirby's debt. *See Jordan v. Citizens and Southern National Bank,* 278 S. C. 449, 298 S. E. (2d) 213 (1982); *Castell v. Stephenson Finance Co., supra; Johnson Cotton Co. v. Cannon,* 242 S. C. 42, 129 S. E. (2d) 750 (1963); *S. C. Code Anno.* Sections 36-9-503 and 504 (1976).

It is clear Kirby was in default under the terms of his contract. Pursuant to *S. C. Code Anno.* Section 36-9-503 (1976), Ford had the right to take possession of the collateral. In this case, there is no evidence of a breach of the peace by Ford Motor Credit in the repossession of the automobile while it was at Horne. Further, there is no evidence of repossession by fraud or trickery on the part of Ford as Kirby was not induced to leave the car at Horne by some representation on the part of Ford or Ford's agent. *Cf. Chrysler Credit Corp. v. McKinney,* 38 U.C.C. Rep. Serv. 1409

(Ala. 1984) (conversion claim stated where debtor who refused to make payments on car was deceived into leaving car at dealer by seller who indicated car would not be repossessed unless debtor refused to make payments after car was fixed). Therefore, while the record indicates there was no voluntary surrender of the car there was repossession without judicial process after default as contemplated under Section 36-9-503. Supreme Court Rule 4, Section 8 permits this court to sustain a trial ruling upon any ground appearing in the record. *See Smalls v. Weed*, 291 S. C. 258, 353 S. E. (2d) 154 (Ct. App. 1987) (Court of Appeals may affirm trial court on any ground apparent in record). We therefore affirm the trial court.

As further proof of his claim for conversion, Kirby asserts the car was disposed of by the defendants during the ten day redemption period. This contention is based upon the alleged statement of the salesman from Horne and Kirby's testimony the car was not on the Horne lot from March 9 through March 16. The record indicates no legal transfer of ownership took place until March 20. The bill of sale bearing that date was introduced into evidence. Therefore, the issue is whether the actions of Horne in allowing a prospective purchaser to remove the car from the lot and drive it during some or all of the ten day redemption period constituted a conversion.

Under *S. C. Code Ann.* Section 36-9-506 (1976), a debtor has a right to redeem collateral at any time before the secured party has disposed of it by tending a fulfillment of all obligations secured by the collateral as well as certain other expenses identified in the statute. Horne had lawful possession of the car by virtue of its repurchase agreement with Ford Motor Credit. Kirby could regain the right to lawful possession only by exercising the redemption right. The record does not reflect an effort by Kirby to pay the redemption price during the ten day period and therefore he has no claim for conversion. *Cordova v. Lee Galles Oldsmobile*, 100 N. M. 204, 668 P. (2d) 320 (1983) (no claim for conversion by debtor where secured party loaned car during redemption period and debtor never tendered any payments in order to redeem car).

Kirby next asserts error by the trial court in directing verdicts for Horne and Ford Motor Credit on the claim for violation of the South Carolina Unfair Trade Practices Act. In the complaint, Kirby alleges the actions of the defendants in "exercising ownership rights and in selling the plaintiff's personal property prior to the expiration of the ten day statutory period of redemption ... constitute a willing or knowing unfair or deceptive act or trade practice pursuant to Section 39-5-20." We have already discussed the right of Horne and/or Ford to take peaceful possession of the car after default by Kirby. Also, we have concluded the action of Horne and Ford in permitting a prospective purchaser to drive the car did not under the facts of this case constitute a disposition of the collateral in violation of any right of Kirby to redeem the car. Since these same actions constitute the basis of the claimed violation of the Unfair Trade Practices Act we find no error in the trial court's direction of a verdict in favor of Horne and Ford.

Kirby also excepted to the trial court's refusal to admit certain testimony of the salesman for Horne Motors. The admission or exclusion of evidence is a matter within the sound discretion of the trial court and that decision will not be disturbed on appeal absent a clear showing of abuse of discretion, commission of legal error, and prejudice to the rights of the appellant. *Bonaparte v. Floyd*, 291 S. C. 427, 354 S. E. (2d) 40 (Ct. App. 1987). We have reviewed the record and find the excluded testimony was in fact placed before the jury during further examination of Kirby. Therefore, Kirby has suffered no prejudice and there was no error.

The judgment of the trial court is accordingly

Affirmed.

SHAW and BELL, JJ., concur.